434 So.2d 1258 (1983)
STATE of Louisiana
v.
James KENT.
No. 83 KA 0030.
Court of Appeal of Louisiana, First Circuit.
June 28, 1983.
*1259 Ossie Brown, Dist. Atty. by Warren Hebert, Asst. Dist. Atty., Baton Rouge, for plaintiff-appellee.
Jerry Lindig, M. Michele Fournet, Baton Rouge, for defendant-appellant.
Before LOTTINGER, COLE and CARTER, JJ.
COLE, Judge.
On March 23, 1982, the V & J Ceramic Shop on Plank Road in Baton Rouge, was robbed at gunpoint. Approximately $100 was taken from the cash register and another $100 from women who were customers in the shop. Three individuals were arrested in connection with this incident: defendant James Kent, Steve Follins and Gremel Harris. Defendant plead not guilty to the three counts of armed robbery and after a trial by jury was convicted of all three counts. He was given concurrent sentences of 30 years in the custody of the Department of Corrections. Defendant appeals the conviction and argues the sentence is excessive.
Defendant assigned thirteen errors on appeal but briefed only four. Assignments of error not briefed are considered abandoned. Rule 2-12.4, Uniform Rules of the Courts of Appeal.
Three of the assigned errors deal essentially with the same issue. Defendant argues the court erred in overruling defense counsel's objections to certain questions of a witness. The witness, called by the defense, was Officer Greg Pharis of the Baton Rouge Police Department. Officer Pharis had obtained a taped statement from Steve Follins. In that tape, Follins testified "Butch" had participated in the robbery as the driver of the getaway car. Several questions were asked of Officer Pharis as to whether or not Steve Follins[1] had used "Butch" as a nickname for James Kent.
For purposes of clarity, we will discuss separately the three questions and subsequent rulings which form the basis for the assignments of error. In the first question, the prosecutor referred to the tape wherein Follins had stated that Butch was the driver. He then asked Officer Pharis, "Isn't it true that Butch is this defendant here, James Kent?" Defense attorney objected to the question, apparently because he believed Officer Pharis had no personal knowledge that "Butch" was in fact James Kent. The court initially overruled the objection and instructed the witness to answer the question. The witness answered, "Yes, Butch ..." to which defense attorney again objected. The prosecutor, in response to the objection, attempted to lay a foundation for Officer Pharis having independent knowledge as to James Kent's nickname being "Butch" (as opposed to knowing it simply because Follins told him so). During this interrogation the prosecutor again asked if the witness knew Follins was talking about James Kent when Follins spoke of "Butch." The court then sustained the objection insofar as "knowing what this individual (Follins) meant...." He admonished the jury to disregard any response. Therefore, in spite of defendant arguing the court overruled this objection, we conclude the court ultimately sustained the objection *1260 and therefore no error was committed.
The second question, again by the prosecution to Officer Pharis, was as follows: "In the discussions that you had with Steve Follins, was it made clear to you that Butch was James Kent?" Officer Pharis answered, "Absolutely." Defense counsel objected on the basis of hearsay and the matter was argued extensively out of the presence of the jury. The court ruled as follows:
"Well, I'm ... as far as anything that the officer or that Detective Pharis can testify to about the knowledge of this man being known by Butch, I think that's admissible. But as far as going beyond this taped statement insofar as what Follins meant or what he conjectures that Follins may have made by one of these statements, I think is objectionable and I am going to sustain the objection to that. * * * But anything that Detective Pharis may have know (sic) about Follins' statement and how he knew that had to come from Follins and would not be admissible. But as far as his independent knowledge of this man's [being] known by Butch, I think that that's admissible."
Again, in spite of defendant arguing the objection was overruled, we conclude the objection as to the Officer testifying as to whom Steve Follins was referring to by the name "Butch" was in fact sustained. Therefore, we find no merit to this assignment of error.
The third disputed question was, "On that tape in that context, you know that `Butch' means James Kent, don't you?" The witness answered, "Absolutely." The court overruled defense counsel's objection. No basis for the objection was specified, therefore it is difficult for us to determine the propriety of the court's ruling.[2] It is rather unclear from the way the question is phrased as to whether counsel was asking if Officer Pharis knew that the "Butch" on the tape was James Kent from his own independent knowledge or whether he knew it from information derived from Steve Follins. The former would be admissible and the latter inadmissible. Since the question does refer to the "tape," which was in fact a statement made by Steve Follins, it would seem logical that the question would be somewhat related to what Follins had meant by "Butch." Under these circumstances, the failure to sustain this objection would be error, but, for reasons below, not reversible error. La.Code Crim.P. art. 921.
An in court identification took place at trial. The three accused persons were brought into the courtroom and the four women who had been present at the ceramic shop were separately given an opportunity to identify them. Of the four women, one testified she had her back to the participants during the robbery and was unable to make any identification at all. Two of the other women made a positive identification of James Kent as being the person who had robbed the ceramic shop on the date in question. Both women stated Kent was the individual who had opened the cash register and had taken the money. Defendant does not assign any errors relating to the validity of the identification.
Although we have found the court erred in failing to sustain the objection to the above mentioned question, we find that the positive identifications by the two victims who were eyewitnesses to the crime are sufficient evidence to justify the jury's conviction of the defendant. We note there is a conflict in the testimony of Steve Follins (as stated on the tape) and the testimony of the two victims. Follins stated he and Harris had entered the shop while Kent remained in the car. The two victims stated Kent had been in the shop. Where there is conflicting testimony as to factual matters, credibility of witnesses is within the sound discretion of the trier of fact. State v. Klar, 400 So.2d 610 (La.1981). The evaluation of credibility of witnesses is not reviewable on appeal. State v. Snoddy, 332 So.2d 800 (La.1976), rehearing denied 1976.
*1261 The second issue raised by appellant is that the sentence is excessive or illegal. We do not agree. The crime of armed robbery carries a maximum sentence of 99 years. See La.R.S. 14:64(B). Defendant was convicted of three separate counts of armed robbery and therefore could have been sentenced to a maximum of 297 years. Instead, he was given three 30-year sentences, to run concurrently. A trial court has wide discretion in imposition of sentences, and given compliance with the statute, a sentence will not be set aside in the absence of manifest abuse of discretion. State v. Willis, 420 So.2d 962 (La.1982).
When determining a sentence the trial court is to look to art. 894.1 of the La.Code of Criminal Procedure. Under section B of that article there are 11 factors to be considered such as the defendant's personal history, his prior criminal record, the seriousness of the crime, the circumstances of the offense, the likelihood that another crime will be committed, and the potential for rehabilitation.
In the present case the trial court was influenced by defendant's prior extensive criminal record. The court stated it felt the defendant had an inclination to continue to pursue a criminal career. Considering these factors, we cannot say there was an abuse of discretion in the imposition of this sentence.
For the foregoing reasons, the judgment of the trial court is affirmed. Appellant is to pay costs.
AFFIRMED.
NOTES
[1] Steve Follins was called as a witness by the defense but refused to testify, claiming his fifth amendment privilege.
[2] Based on the prior objections we would assume defense counsel objected to the hearsay nature of the statement.