WATKINS, Judge.
Defendant was charged with second degree murder in violation of La.R.S. 14:30.1. After trial by jury, defendant was convict *738 ed of manslaughter and sentenced to eighteen years at hard labor. La.R.S. 14:31.[1] Defendant appealed assigning two errors.
We affirm.
ASSIGNMENT OF ERROR NUMBER ONE
Defendant’s first assignment of error is the denial of his motion for a post-verdict judgment of acquittal under La.C. Cr.P. art. 821,[2] based on the State’s failure to disprove his plea of self-defense. When a defendant in a homicide prosecution asserts self-defense the State has the affirmative burden to prove beyond a reasonable doubt that the homicide was feloniously committed and was not perpetrated in self-defense. State v. Patterson, 295 So.2d 792 (La.1974); State v. Pittman, 428 So.2d 979 (La.App. 1st Cir.1983).
Review of this issue is governed by Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). An appellate court must determine, after viewing the evidence in a light most favorable to the prosecution, whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. State v. Savoy, 418 So.2d 547 (La.1982).
An argument between the defendant and the victim, Mack Terrell, in a local club moved outside where Terrell fired two shots toward the defendant at close range. Terrell put his gun in his back pocket or down by his side, turned away from the defendant and started to walk back inside the club. Defendant crept up behind Terrell and grabbed the gun. When Terrell turned around defendant took a swing at him. Defendant had a knife in his hand. A fight ensued and Terrell was fatally stabbed.
The State’s evidence presents a strong showing that defendant’s action of creeping up behind Terrell was not necessary to prevent loss of life or great bodily harm. The victim may have provoked the defendant, but Terrell had put his gun away and his back was turned when the defendant went after him. Under the circumstances, the force used by the defend *739 ant was unwarranted by the alleged provocation. We agree that defendant’s actions were not in self-defense within the meaning of La.R.S. 14:20.[3]
Defendant’s first assignment of error is without merit.
ASSIGNMENT OF ERROR NUMBER TWO
Defendant alleges in his second assignment of error that his sentence of eighteen years was cruel, excessive and unusual punishment in violation of the United States and Louisiana Constitutions. Defendant alleges that the trial judge failed to give any reason for the eighteen-year sentence which was completely disproportionate to the offense. The maximum sentence that could have been imposed under La.R.S. 14:31 was twenty-one years.
State v. Sepulvado, 367 So.2d 762 (La.1979), held that a sentence, although within statutory limits, may still violate a defendant’s constitutional right against excessive punishment. La.Const. Art. 1, § 20.[4]
La.C.Cr.P. art. 894.1 provides the sentencing criteria by which to measure whether a sentence within statutory limits is nevertheless excessive.[5] The article requires the trial judge fully to articulate his reasons for imposing sentence, enabling an appellate court competent review.
The trial judge complied with article 894.1 stating for the record the reasons and *740 factual basis for the sentence imposed. The focus of review is whether the trial judge abused his wide discretion, considering the circumstances of the crime, the character of the defendant and the trial court’s reasons for sentencing. State v. Tompkins, 429 So.2d 1385 (La.1983).
In looking at the factors favoring imprisonment, the trial judge noted that, at the time of the offense, defendant was on probation. He believed that if defendant’s sentence were suspended there would be an undue risk that he would commit other crimes. The defendant’s need for correctional treatment or custodial environment was provided most effectively by defendant’s commitment to an institution. A lesser sentence would deprecate the seriousness of the crime of manslaughter.
The judge found that some mitigating factors existed, including possible provocation by the victim. However, the judge noted that defendant had a history of alcohol and drug abuse which resulted in convictions for possession of a controlled dangerous substance, DWI, disturbing the peace, damage to property and the present conviction for manslaughter. Defendant had shown no positive response to probationary treatment and it was not unlikely he would commit another crime.
Under the circumstances and considering the seriousness of the crime, the trial judge believed that an eighteen-year sentence was appropriate. We do not find an abuse of his large discretion.
For the foregoing reasons, defendant’s conviction and sentence are affirmed.
AFFIRMED.

. La.R.S. 14:31:
Manslaughter is:
(1) A homicide which would be murder under either Article 30 (first degree murder) or Article 30.1 (second degree murder), but the offense is committed in sudden passion or heat of blood immediately caused by provocation sufficient to deprive an average person of his self control and cool reflection. Provocation shall not reduce a homicide to manslaughter if the jury finds that the offender’s blood had actually cooled, or that an average person’s blood would have cooled, at the time the offense was committed; or
(2) A homicide committed, without any intent to cause death or great bodily harm.
(a) When the offender is engaged in the perpetration or attempted perpetration of any felony not enumerated in Articles 30 or 30.1, or of any intentional misdemeanor directly affecting the person; or
(b) When the offender is resisting lawful arrest by means, or in a manner, not inherently dangerous, and the circumstances are such that the killing would not be murder under Articles 30 or 30.1.
Whoever commits manslaughter shall be imprisoned at hard labor for not more than twenty-one years.

. C.Cr.P. art. 821:
A. The defendant may move for a post verdict judgment of acquittal following the verdict. A motion for a post verdict judgment of acquittal must be made and disposed of before sentence.
B. A post verdict judgment of acquittal shall be granted only if the court finds that the evidence, viewed in a light most favorable to the state, does not reasonably permit a finding of guilty.
C. If the court finds that the evidence, viewed in a light most favorable to the state, supports only a conviction of a lesser included responsive offense, the court, in lieu of granting a post verdict judgment of acquittal, may modify the verdict and render a judgment of conviction on the lesser included responsive offense.
D. If a post verdict judgment of acquittal is granted or if a verdict is modified, the state may seek review by invoking the supervisory jurisdiction of or by appealing to the appropriate appellate court.
E. If the appellate court finds that the evidence, viewed in a light most favorable to the state, supports only a conviction of a lesser included responsive offense, the court, in lieu of granting a post verdict judgment of acquittal, may modify the verdict and render a judgment of conviction on the lesser included responsive offense.

. La.R.S. 14:20:
A homicide is justifiable:
(1) When committed in self-defense by one who reasonably believes that he is in imminent danger of losing his life or receiving great bodily harm and that the killing is necessary to save himself from that danger; or
(2) When committed, for the purpose of preventing a violent or forcible felony involving danger to life or of great bodily harm, by one who reasonably believes that such an offense is about to be committed and that such action is necessary for its prevention. The circumstances must be sufficient to excite the fear of a reasonable person that there would be serious danger to his own life or person if he attempted to prevent the felony without the killing.
(3) When committed against a person whom one reasonably believes to be likely to use any unlawful force against a person present in a dwelling or a place of business while committing or attempting to commit a burglary of such dwelling or business. The homicide shall be justifiable even though the person does not retreat from the encounter.

. La.Const. Art. 1, § 20:
No law shall subject any person to euthanasia, to torture, or to cruel, excessive, or unusual punishment. Full rights of citizenship shall be restored upon termination of state and federal supervision following conviction for any offense.

. La.C.Cr.P. art. 894.1:
A.When a defendant has been convicted of a felony or misdemeanor, the court should impose a sentence of imprisonment if:
(1) There is an undue risk that during the period of a suspended sentence or probation the defendant will commit another crime;
(2) The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution; or
(3)A lesser sentence will deprecate the seriousness of the defendant’s crime.
B. The following grounds, while not controlling the discretion of the court, shall be accorded weight in its determination of suspension of sentence or probation:
(1) The defendant’s criminal conduct neither caused nor threatened serious harm;
(2) The defendant did not contemplate that his criminal conduct would cause or threaten serious harm;
(3) The defendant acted under strong provocation;
(4) There was substantial grounds tending to excuse or justify the defendant’s criminal conduct, though failing to establish a defense;
(5) The victim of the defendant’s criminal conduct induced or facilitated its commission;
(6) The defendant has compensated or will compensate the victim of his criminal conduct for the damage or injury that he sustained;
(7) The defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the instant crime;
(8) The defendant’s criminal conduct was the result of circumstances unlikely to recur;
(9) The character and attitudes of the defendant indicate that he is unlikely to commit another crime;
(10) The defendant is particularly likely to respond affirmatively to probationary treatment; and
(11) The imprisonment of the defendant would entail excessive hardship to himself or his dependents.
C. The court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence.