450 So.2d 1065 (1984)
STATE of Louisiana
v.
Walter GRISBY.
No. KA 83 1350.
Court of Appeal of Louisiana, First Circuit.
May 30, 1984.
*1066 Ossie Brown, Dist. Atty., Baton Rouge, for plaintiff-appellee.
Kathleen Stewart Richey, Baton Rouge, William J. Guste, Jr., Atty. Gen., State of La., New Orleans, for defendant-appellant.
Before COVINGTON, COLE and SAVOIE, JJ.
COLE, Judge.
The issue before this Court is whether the evidence presented is legally sufficient to support defendant's conviction.
Defendant, Walter Grisby, was indicted for second degree murder as a result of the stabbing death of Frank West. After waiver of his right to a jury trial, defendant was found guilty as charged by the trial court. He was sentenced to life imprisonment, at hard labor, without the benefit of probation, parole or suspension of sentence. Defendant has appealed, arguing one assignment of error.[1]
This homicide occurred in a boarding house managed by the decedent. Defendant was the only tenant living in the boarding house at the time. The decedent was stabbed six times, including once in the heart, with a sharp instrument. The heart wound caused massive bleeding leading to his death. However, the decedent also sustained other wounds which were potentially fatal in themselves, including two or three stab wounds to the liver.
The State's chief witness was Tejuana Perkins, a slight acquaintance of the decedent, who testified she overheard an argument between him and defendant over past-due rent. She also witnessed a violent fight in the hallway of the boarding house, after which defendant calmly stepped over the dying victim, went to his room and removed his blood-stained clothing. The decedent's sister was summoned and testified defendant threatened her when she tried to prevent him from leaving the scene, telling her, "... don't you touch me, I'll give you some of the same thing."
Defendant denied arguing or fighting with the decedent. He claims to have overheard a fight between the decedent and several unknown assailants, after which he attempted to render assistance to the decedent. The trial court rejected defendant's account and found him guilty as charged.
On appeal defendant contends the trial court erred in failing, in response to his motion for a post-verdict judgment of acquittal, to reduce the verdict to guilty of manslaughter, as authorized by La.Code Crim.P. art. 821(C). Defendant argues the evidence is insufficient to support a verdict of second degree murder because it shows defendant acted in the heat of blood or *1067 sudden passion, without specific intent to kill or inflict great bodily harm.
La.Code of Crim.P. art. 821 provides, in pertinent part:
"B. A post verdict judgment of acquittal shall be granted only if the court finds that the evidence, viewed in a light most favorable to the state, does not reasonably permit a finding of guilty.
"C. If the court finds that the evidence, viewed in a light most favorable to the state, supports only a conviction of a lesser included responsive offense, the court, in lieu of granting a post verdict judgment of acquittal, may modify the verdict and render a judgment of conviction on the lesser included responsive offense."
After viewing the record in accordance with the codal standard expressed above, we find no error in the denial of the motion by the trial court. The record amply supports the verdict of second degree murder, rather than the lesser offense of manslaughter. The trial court chose to believe the testimony of Ms. Perkins, a disinterested observer, rather than the defendant's far-fetched tale of an attack upon decedent by unknown assailants. Where there is conflicting testimony as to factual matters, determinations of credibility are within the sound discretion of the trier of fact. State v. Kent, 434 So.2d 1258 (La. App. 1st Cir.1983), writ denied, 440 So.2d 727 (La.1983). It is not the appellate court's function to second guess the trial court's evaluations of credibility. See, State v. Richardson, 425 So.2d 1228, 1232 (La.1983); State v. Kent, supra.
Specific intent is a legal conclusion to be resolved ultimately by the trier of fact. State v. Graham, 420 So.2d 1126 (La.1982). Specific intent need not be proven as a fact, but may be inferred from the circumstances of a transaction and the defendant's actions. Id. The trial court having found defendant guilty of second degree murder, it necessarily found specific intent to be present. We find no abuse of discretion in this conclusion. The defendant stabbed the decedent six times, primarily in the upper body region. Several of these wounds were potentially fatal. The decedent was unarmed. We find these actions and the inferences arising therefrom sufficient to support a conclusion that defendant possessed the specific intent to kill or inflict great bodily harm required for second degree murder.[2]
However, defendant also argues the verdict against him should have been reduced to manslaughter because he acted "in sudden passion or heat of blood immediately caused by provocation sufficient to deprive an average person of his self-control and cool reflection." La.R.S. 14:31(1). There is absolutely no evidence of any provocation by the decedent for the violent attack upon him. Indeed, throughout his trial, defendant maintained he had no problems with the decedent. There is not one shred of evidence to support defendant's claim that he stabbed the decedent in sudden passion or heat of blood. Accordingly, we find this argument to be totally without merit.
For the above reasons, we affirm defendant's conviction and sentence.
AFFIRMED.
NOTES
[1] Defendant originally made two assignments of error. However, assignment of error number one was not briefed and is thereby considered abandoned on appeal. Uniform RulesCourts of Appeal, Rule 2-12.4.
[2] Having found sufficient proof of specific intent as required for second degree murder, we pretermit defendant's argument that this homicide was manslaughter under La.R.S. 14:31(2), rather than second degree murder, since it was committed without specific intent during the course of an aggravated battery.