LOTTINGER, Judge,
dissenting.
I respectfully dissent.
This decision turns on a question of credibility, and the jury chose to believe the version of the state’s witnesses rather than that of the defendant and his witnesses.
In State v. Henry, 457 So.2d 1244 No. KA 84 0187 on the Docket of this Court, we stated:
When reviewing the sufficiency of evidence to support a conviction, the proper standard is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. State v. Allen, 442 So.2d 737 (La.App. 1st Cir.1983). Where there is conflicting testimony as to factual matters, the resolution of which depends upon a determination of the credibility of the witnesses, this is a matter of the weight of the *794 evidence, not of its sufficiency. State v. Johnson, 446 So.2d 1371 (La.App. 1st Cir.1984); State v. Kent, 434 So.2d 1258 (La.App. 1st Cir.1983), writ denied, 440 So.2d 727 La.1983). A determination of the weight of the evidence is a question of fact of which this court has no appellate jurisdiction in criminal cases. La. Const, art. V § 10(B). State v. Norman, 448 So.2d 246 (La.App. 1st Cir.1984). Thus, a determination of the weight of the evidence rests solely in the sound discretion of the trier of fact and is not reviewable on appeal.
Therefore, I respectfully dissent.