LOTTINGER, Judge.
Defendant, Ray Lee Henry, was charged by Grand Jury indictment with having com *1245 mitted armed robbery in violation of La. R.S. 14:64. After pleading not guilty, defendant was tried by jury and found guilty as charged. The trial judge sentenced defendant to forty (40) years at hard labor without benefit of probation, parole, or suspension of sentence. Defendant now appeals his conviction and sentence alleging as a sole assignment of error that the evidence introduced at trial is insufficient to support the jury’s verdict of guilty.
At approximately 7:30 a.m. on the morning of July 15, 1983, the victim, a 51 year old female, opened the back door of her residence intending to put out the household garbage. Upon opening the door, she was confronted by a nude black man who was wearing only a pair of gloves, and was armed with a knife in each hand. The assailant then forced his way into the home and the victim grabbed his wrists. A struggle ensued and the victim was overpowered and thrown to the floor. The victim then offered the assailant her money and led him to her purse and wallet.
After taking a one hundred dollar bill and several smaller bills, another struggle ensued and the victim locked herself in the bathroom and shouted for help from a window. The assailant fled the scene and the police soon thereafter arrived.
Defendant was arrested and taken into custody later that day. Defendant was advised of his Miranda rights and was interrogated by police officers. Defendant signed a rights waiver form and rendered an oral confession which was handwritten by a police officer and signed and sworn to by defendant. In the confession, defendant admitted committing the robbery. In addition to admitting to the crime, defendant admitted giving the money to a friend to hold for him. This money was later recovered from this friend.
Defendant then voluntarily accompanied two police officers back to the scene of the crime. He led the police officers to the area where he discarded the gloves and knives. The gloves were then recovered and the knives were found later in the same area.
At trial, defendant testified that the confession was made out of fear for his life in that someone was trying to kill him. He testified that an unknown assailant tied defendant to a tree at gunpoint at approximately 3:00 a.m. that morning and later released defendant at approximately 8:00 a.m. that morning, after the robbery had occurred. Defendant, upon returning to his automobile discovered the gloves, money and knives in his automobile. Since he had lost his keys defendant ran home, discarding the gloves and knives on the way. He was later arrested at his home.
'At trial the victim testified regarding the incident and made a positive identification of defendant as the robber. In addition the state introduced into evidence the gloves and knives used by the assailant, as well as the confession rendered by defendant. Furthermore, two police officers testified regarding the interrogation and confession of defendant, as well as the fact that defendant led them to the area where the gloves and knives were found.
However, defendant’s testimony at trial differed substantially from his confession and the evidence introduced by the state.
When reviewing the sufficiency of evidence to support a conviction, the proper standard is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. State v. Allen, 442 So.2d 737 (La.App. 1st Cir.1983). Where there is conflicting testimony as to factual matters, the resolution of which depends upon a determination of the credibility of the witnesses, this is a matter of the weight of the evidence, not of its sufficiency. State v. Johnson, 446 So.2d 1371 (La.App. 1st Cir.1984); State v. Kent, 434 So.2d 1258 (La.App. 1st Cir.1983), writ denied, 440 So.2d 727 (La.1983). A determination of the weight of the evidence is a question of fact of which this court has no appellate jurisdiction in criminal cases. La. Const, art. V § 10(B). State v. Norman, 448 So.2d 246 (La.App. *1246 1st Cir.1984). Thus, a determination of the weight of the evidence rests solely in the sound discretion of the trier of fact and is not reviewable on appeal.
The jury’s verdict indicates that after considering the credibility of the witnesses and weighing the evidence it accepted the testimony of the victim and the evidence offered by the state, and rejected the testimony of the defendant. Our review of the evidence presented at trial convinces us that such evidence is sufficient to uphold the determination of the jury. Accordingly, there is no merit to this assignment of error.
For the foregoing reasons we affirm the conviction and sentence.
AFFIRMED.