460 So.2d 689 (1984)
STATE of Louisiana
v.
George GIBSON.
No. 84 KA 0235.
Court of Appeal of Louisiana, First Circuit.
November 20, 1984.
Rehearing Denied December 28, 1984.
Writ Denied March 15, 1985.
Stacey Moak, Baton Rouge, for George Gibson.
Leon Picou, Dist. Atty., A. Zach Butterworth, Asst. Dist. Atty., St. Francisville, T. Barry Wilkinson, Asst. Dist. Atty., Port Allen, for the State of La.
Before EDWARDS, SHORTESS and SAVOIE, JJ.
SHORTESS, Judge.
George Gibson (defendant), an inmate at Louisiana State Penitentiary at Angola, Louisiana, was indicted for two counts of aggravated kidnapping in violation of La. R.S. 14:44. He pled not guilty and, after a jury trial,[1] was found guilty on both *690 counts. He was sentenced on each count to life imprisonment without benefit of parole, probation or suspension of sentence. The sentence on Count I was to be served consecutively with the sentence defendant was then serving for armed robbery. The trial judge ordered that no credit be given on the Count I sentence for time spent in custody. The Count II sentence was ordered to be served consecutively with defendant's armed robbery sentence and to be served concurrently with the Count I sentence. Defendant appeals his conviction and sentence, alleging two assignments of error.
FACTS
On the evening of October 30, 1982, Ross Maggio, Jr., Warden of Louisiana State Penitentiary at Angola, was with his wife, son and parents at his home on the Penitentiary grounds. His mother, Doris Maggio, walked outside and was grabbed by two inmates, including defendant. Armed with a knife and screwdriver, they forced Mrs. Maggio into the house. Once inside the den, the inmates confronted the warden and his father and forced them to the floor. At this point, the warden's wife came into the area armed with a gun. The warden ordered her to leave the house. She fled to report the incident.
The inmates then forced the warden and his parents out of the house and into the warden's truck. There was not enough room for all five in the truck, so the warden's father was released. They forced Mrs. Maggio onto the floor of the truck under the dash. The warden was told to get into the driver's seat and drive. Inmate Charles Ranker sat next to the passenger's door, and defendant sat between the warden and Ranker. The men threatened the warden and his mother with death if they did not get them out the front gate. The warden testified that Ranker told him that he, Maggio, was going to get them out of the prison by driving the truck out of the front gate.
The warden attempted to alert prison security with his two-way radio while driving toward the front gate. Defendant knocked the mike out of the warden's hand. When they approached the front gate, the warden rammed a pole near the fence, jumped out of the truck, obtained a gun, and then shot through the windshield at Ranker who was still inside the truck with Mrs. Maggio. The warden then rescued his mother from the truck. Defendant was also shot and injured. Ranker died as a result of the shooting.
ASSIGNMENTS OF ERROR NUMBERS 1 AND 2
Defendant argues that the trial judge erred in failing to grant his motion for a post-judgment verdict of acquittal. He contends that the indictment was defective in that it failed to allege the essential element of specific intent required for aggravated kidnapping. His second argument is that there was insufficient evidence of specific intent, so the verdict must be overturned.
In a criminal prosecution, an accused shall be informed of the nature and cause of the accusation against him. La. Const. art. I, § 13. In addition, the prosecution of a felony shall be initiated by indictment or information. La. Const. art. I, § 15. La.C. Cr.P. art. 464 provides in pertinent part that "[t]he indictment shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged."
In offenses requiring only a general criminal intent, the indictment need not allege that the act was intentionally done. La.C.Cr.P. art. 472. The official revision comment to La.C.Cr.P. art. 472, comment (a), states "[o]n the other hand, some offenses require a specific intent or knowledge, or predicate liability on criminal negligence. In charging these offenses, the indictment, following the general rule of Art. 464, must state the special mental element of the crime."
Defendant was charged by a short form indictment. La.C.Cr.P. art. 465 provides *691 for specific short form indictments that may be used for certain specified crimes. That article states in pertinent part:
A. The following forms of charging offenses may be used, but any other forms authorized by this title may also be used:
* * * * * *
29. Aggravated KidnappingA.B. committed aggravated kidnapping of C.D.
* * * * * *
B. The indictment, in addition to the necessary averments of the appropriate specific form hereinbefore set forth, may also include a statement of additional facts pertaining to the offense charged. If this is done it shall not affect the sufficiency of the specific indictment form authorized by this article.
In State v. Edwards, 287 So.2d 518 (La. 1973), the Louisiana Supreme Court held there was no legal infirmity in the short form of indictment for aggravated kidnapping. That court stated, at page 524:
When the indictment or bill of information is drawn in the short form authorized by Article 465 of the Code of Criminal Procedure, the bill of particulars authorized by Article 484 of the Code of Criminal Procedure is available to supplement it and supply the information necessary to enable the defendant in fairness to properly prepare his defense. However, bills of particulars cannot serve to cure a defective indictment or to supply the constitutional requirement that the accused be informed by the indictment of the nature and cause of the accusation. See La. Const. Art. I, § 9, [La. Const. Art. I, § 15 of the 1974 Constitution], requiring that `Prosecution shall be by indictment or information'. When the short form is used, and does not fully spell out in detail the nature and cause of the accusation, it meets constitutional requirements only where the crimes involved and the words used to charge them are well-understood. In such a case the nature and cause of the accusation may be inferred from such words of ordinary and well-understood meaning.
We find that the State could use the short form of indictment in charging defendant with the offense. The failure to state specific intent did not make the indictment defective. Nor did the trial judge err in failing to grant the motion for post verdict judgment of acquittal on this ground.
Defendant's second basis for the motion is that there was insufficient evidence of the required element of specific intent. Defendant argues that the element of extortion required for an aggravated kidnapping conviction is missing. He contends that the record does not indicate that either he or Ranker informed anyone of the kidnapping.
In State v. Korman, 439 So.2d 1099 (La. App. 1st Cir.1983), this court held that the proper procedural mechanism to raise the issue of the sufficiency of evidence is by a motion for a post verdict judgment of acquittal under La.C.Cr.P. art. 821. Since such a motion was filed in this case, we will review the trial court's denial of this motion and address the sufficiency argument.
The standard established by La.C.Cr.P. art. 821 is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. State v. Walker, 447 So.2d 54 (La.App. 1st Cir. 1984).
The offense of aggravated kidnapping is provided for in La.R.S. 14:44:
Aggravated kidnapping is the doing of any of the following acts with the intent thereby to force the victim, or some other person, to give up anything of apparent present or prospective value, or to grant any advantage or immunity, in order to secure a release of the person under the offender's actual or apparent control:
(1) The forcible seizing and carrying of any person from one place to another; or
(2) The enticing or persuading of any person to go from one place to another; or *692 (3) The imprisoning or forcible secreting of any person.
Whoever commits the crime of aggravated kidnapping shall be punished by life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.
(Emphasis ours.)
Specific intent is a legal conclusion to be resolved ultimately by the trier of fact. State v. Grisby, 450 So.2d 1065 (La.App. 1st Cir.1984). Since specific criminal intent is a state of mind, it need not be proven as a fact, but may be inferred from the circumstances present and the actions of the defendant. Grisby; State v. Coleman, 432 So.2d 323 (La.App. 1st Cir.1983).
In this case, Warden Maggio testified that during the kidnapping incident defendant's accomplice, Ranker, said, "You're going to get us out of here, you're the warden and you can get us out the front gate because they're not going to stop you beings (sic) you are the warden." After the warden and his mother were in the truck, Ranker again stated that Mrs. Maggio would be killed if the warden did not do as told and get him out of the front gate. When the truck neared the gate, Ranker told defendant to crouch down low. Instead of driving through the gate, the warden ran into an iron post and concrete block wall. The warden also testified that defendant did not appear to be a victim of nor was he threatened by Ranker.
The warden's parents both testified that threats were made by the inmates that they would die if they did not get out of the prison. Mr. Maggio also indicated that it did not appear that defendant himself was a victim.
Defendant is correct that the record does not indicate that either he or Ranker informed anyone of the kidnapping. The testimony clearly indicates that defendant and the other inmate intended to escape from the prison by hiding in the truck while the warden drove out the front gate. Informing anyone, especially prison guards, of the kidnapping may have foiled their plans. Furthermore, the advantage defendant and Ranker hoped to gain was an easy escape from the penitentiary.
We find, therefore, that defendant had the specific intent required to commit the offense. The intent to gain an advantage (escape from the prison) can be inferred from the threats made by Ranker, the circumstances present during the incident and the actions of defendant. Moreover, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that the essential elements of aggravated kidnapping, including specific intent, were proven beyond a reasonable doubt.
For the reasons stated, defendant's convictions and sentences are affirmed.
AFFIRMED.
NOTES
[1] A joint motion for change of venue was granted and this case was transferred for trial from West Feliciana Parish, Louisiana, to West Baton Rouge Parish, Louisiana.