486 So.2d 889 (1986)
STATE of Louisiana
v.
Howard WILLIAMS.
No. 85 KA 1251.
Court of Appeal of Louisiana, First Circuit.
March 25, 1986.
Writ Denied June 13, 1986.
*891 Bryan Bush, Dist. Atty., Baton Rouge by Robert Piedrahita, Asst. Dist. Atty., for plaintiff-appellee.
Walter Dumas, Baton Rouge, for defendant-appellant.
Before GROVER L. COVINGTON, C.J., and WATKINS and SHORTESS, JJ.
SHORTESS, Judge.
Howard Williams (defendant) was indicted for the second degree murder of Glasper A. Coleman in violation of LSA-R.S. 14:30.1. He elected to be tried by a jury, which convicted him as charged; and he was subsequently sentenced to the mandatory term of life imprisonment at hard labor, without benefit of probation, parole or suspension of sentence. He has appealed, urging four assignments of error.
At the time of the incident, defendant resided with Cordelea McKay in a "common-law" arrangement. McKay was also involved in a romantic relationship with the victim, and she referred to him as her fiance, although marriage was not contemplated. According to McKay's testimony, defendant was aware of her relationship with Coleman which predated his liaison with her.
On the evening of the offense, Coleman and McKay arranged to meet at a nearby shopping center. Since McKay was unable to drive, her brother brought her to the meeting site. After they spent the evening together, Coleman drove McKay to her house; however, since Williams' taxi cab was in the driveway, she asked the victim to drive her to another shopping center, a few blocks from her home. From there she called her niece to get a ride home.
McKay testified that as she concluded the call, she turned and saw defendant standing beside her holding a gun; that she saw defendant shoot the victim, who then got out of his truck and walked to the rear before he lay down; and that she and defendant then left the premises together and returned home. The victim died from shock induced by severe bleeding caused when a bullet severed his carotid artery.
BIAS OR INTEREST OF WITNESS
In assignment of error number one, defendant argues that the trial court erred in curtailing his cross-examination of Cordelea McKay. Specifically, he says the trial court erred by sustaining the State's objection after he asked McKay if she knew whether the victim was married.
Defendant argues the court's ruling was erroneous because he was attempting to show the witness was biased and had an interest in the outcome of the case. The State argues defendant fails to allege how that information could establish bias against the defendant.
The defendant's right to confront and cross-examine witnesses, found in the Sixth Amendment to the United States Constitution, is a fundamental right, applicable to the states through the Fourteenth Amendment. Pointer v. State of Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965). In addition, this right to confrontation is found in the Louisiana Constitution of 1974. See La.Const. Art. I, § 16.
In order to cross-examine a witness effectively, a defendant must be afforded the opportunity to demonstrate any bias or self-interest which is attached to a witness' testimony. Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974); State *892 v. Senegal, 316 So.2d 124 (La.1975). This right to show bias is also provided by LSA-R.S. 15:492, as follows:
When the purpose is to show that in the special case on trial the witness is biased, has an interest, or has been corrupted, it is competent to question him as to any particular fact showing or tending to show such bias, interest or corruption, and unless he distinctly admit such fact, any other witness may be examined to establish the same.
A cross-examiner is allowed wide latitude in exploring any facts that might support an inference of bias. State v. Sweeney, 443 So.2d 522 (La.1983). Courts have traditionally allowed a defendant to attack the credibility of a witness by cross-examination directed at possible bias or interest which might influence the witness' perceptions or color his testimony. State v. Decuir, 364 So.2d 946 (La.1978). However, the bias permitted to be exposed must be personal against the defendant rather than general in nature, and the interest must be particular to the case; therefore, questions or evidence as to general prejudices or special biases or interests too irrelevant to or remote from the issues of the case at trial has been considered improper as impeachment for this purpose. State v. Loyd, 459 So.2d 498 (La.1984). See also LSA-R.S. 15:494, which provides that "it is not competent to impeach a witness as to collateral facts or irrelevant matter."
LSA-R.S. 15:492 recognizes the generally accepted proposition that partiality, or any acts, relationships or motives reasonably likely to produce it, may be proved to impeach credibility, and that there is an infinite variety of kinds and sources of partiality. State v. Albert, 414 So.2d 680 (La.1982). However, this statute also seems to adopt the view of many courts that, when the main circumstances from which the bias proceeds have been proven, the trial judge has discretion to determine how far the details, whether on cross-examination or by other witness, may be allowed to be brought out. Albert, 414 So.2d at 683.
In the matter before us, it was proper to show the witness' relationship with the victim to reveal any possible bias. However, it was not relevant to show that the admitted relationship existed at a time when the victim was married to another; and the judge properly sustained this objection because of its lack of relevance. See State v. Bretz, 394 So.2d 245 (La.1981), cert. den., Bretz v. Louisiana, 454 U.S. 820, 102 S.Ct. 102, 70 L.Ed.2d 91 (1981). This assignment of error is without merit.
ADMISSION OF GRUESOME PHOTOGRAPHS
In assignment of error two, defendant argues that the trial court erred in overruling his objection to the admission of a photograph of the victim. He argues the photograph is gruesome, and any probative value is outweighed by its prejudicial effect.
The admission of gruesome photographs will not be overturned unless it is clear that the prejudicial effect of the photographs outweighs their probative value. Photographs which illustrate any fact, shed light upon any fact or issue in the case, or are relevant to describe the person, place or thing depicted are generally admissible. State v. Bell, 477 So.2d 759 (La.App. 1st Cir.1985); writ denied, 481 So.2d 629 (La. 1986).
Post mortem photographs of murder victims are admissible to prove corpus delicti, to corroborate other evidence establishing the cause of death and to provide positive identification of the victim. State v. Bennett, 454 So.2d 1165 (La.App. 1st Cir.1984), writ denied, 460 So.2d 604 (La.1984).
The photograph in question depicts the head and upper torso of Glasper Coleman. A substantial quantity of blood is visible, covering his head and shoulders, as well as the concrete pavement around his head. The trial court found the pictures corroborative of the coroner's testimony regarding the wound and cause of death. We find the photo, though unpleasant, is admissible for that stated purpose.
*893 Defendant also argues the photograph was admitted to appeal to the sympathy and emotion of the jury because other photographs of the crime scene had already been presented to the jury. This argument is without merit. Although other photographs of the scene had been introduced, this photograph is the only one that shows the victim at a range close enough to corroborate the coroner's report; therefore, its introduction was neither cumulative nor unwarranted. This assignment of error is without merit.
INTRODUCTION OF PISTOL
In assignment of error number three, defendant argues the trial court erred in allowing the State to introduce a pistol into evidence without establishing the proper foundation.
McKay testified that defendant always carried a .22 caliber pistol and earlier on the date of the shooting had asked her for some bullets for the gun. The State showed her a pistol for identification purposes, and she testified that it resembled the gun defendant carried and used to shoot the victim.
Police officer Robert Howle also testified on behalf of the State. Howle also identified the pistol, based on its serial numbers, as the weapon he recovered from defendant's mother. He related that she provided the firearm in response to a search warrant authorizing a search of defendant's cab for the murder weapon. Thereafter, the weapon was introduced into evidence. Defendant argues that the State failed to show the evidence was related to the case; that the gun was not relevant; and, further, that even if relevant, the gun was inadmissibly prejudicial.
Demonstrative evidence can be admitted into evidence only after it is shown that, more probably than not, the evidence is connected with the case. That foundation can be laid by establishing a chain of custody of the evidence or by visual identification. Once that foundation is established, the weight to be given the evidence is a question for the jury. State v. Day, 468 So.2d 1336 (La.App. 1st Cir. 1985).
We find the State presented sufficient evidence for the introduction of the firearm. Testimony was uncontradicted that the victim was shot with a .22 caliber pistol. McKay identified the pistol as one similar to defendant's and similar to the one used to shoot the victim. Howle identified the gun given to him by defendant's mother.
Defendant also suggests that the gun was not shown to be relevant and should have been excluded on that ground.
Relevant evidence is evidence tending to show the commission of the offense and the intent, or tending to negate the commission of the offense and the intent. LSA-R.S. 15:441. Any evidence, whether direct or circumstantial, is relevant if it tends to prove or disprove the existence of a material fact. State v. Patch, 470 So.2d 585 (La.App. 1st Cir.1985), writ den., 475 So.2d 358 (La.1985).
The gun was identified as one similar to that owned by defendant and used to kill the victim. It was clearly relevant to the prosecution.[1]
Defendant also argues the gun was unduly prejudicial.
All evidence is subject to constitutional guarantees of due process and a fair trial before an impartial jury. The right to a fair trial requires that, even though evidence may be deemed relevant because it has probative value, counterbalancing factors may exist which lead a court to exclude this otherwise relevant evidence if the probative value is outweighed. Among the dangers to be considered are: the danger that the evidence may unduly arouse the jury's emotions of prejudice, hostility or sympathy; the probability that the evidence may create a collateral issue which will unduly distract the jury from the main issue; delay in the trial; and the danger of *894 unfair surprise. State v. Brown, 428 So.2d 438 (La.1983).
We find the prejudicial impact of the gun to be minimal and thus clearly outweighed by its probative value.
This assignment of error has no merit.
SUFFICIENCY OF THE EVIDENCE
In assignment of error number four, defendant argues the trial court erred in overruling his motion for a new trial, motion in arrest of judgment, and motion for post-verdict judgment of acquittal or modification of verdict. He argues the circumstances of the shooting illustrate that the verdict should have been reduced to manslaughter.
La.C.Cr.P. art. 821 provides, in pertinent part, as follows:
B. A post verdict judgment of acquittal shall be granted only if the court finds that the evidence, viewed in a light most favorable to the state, does not reasonably permit a finding of guilty.
C. If the court finds that the evidence, viewed in a light most favorable to the state, supports only a conviction of a lesser included responsive offense, the court, in lieu of granting a post verdict judgment of acquittal, may modify the verdict and render a judgment of conviction on the lesser included responsive offense.
The record amply supports the verdict of guilty of second degree murder, rather than the lesser offense of manslaughter. The trier of fact chose to believe the testimony of Cordelea McKay rather than defendant's version of an accidental shooting during a struggle for the weapon with McKay. Where there is conflicting testimony as to factual matters, determinations of credibility are within the sound discretion of the trier of fact. It is not the appellate court's function to second guess the credibility determinations of the trier of fact. State v. Grisby, 450 So.2d 1065 (La. App. 1st Cir.1984).
Defendant argues the verdict should be reduced to manslaughter because he acted "in sudden passion or heat of blood immediately caused by provocation sufficient to deprive an average person of his self control and cool reflection." LSA-R.S. 14:31(1). There is absolutely no evidence of any provocation by the victim. Indeed, defendant testified that he did not see who was in the truck and that he did not know the victim had been shot until his struggle with McKay ceased. Although the trial court stated it would have found "heat of passion" since defendant discovered the victim and her paramour together, the evidence reflects that defendant followed them to the shopping center and emerged from his car with the pistol loaded and drawn. Accordingly, we find this argument totally without merit.[2]
For the foregoing reasons, defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] Further, defendant identified the gun and testified it belonged to him.
[2] Defendant's motion in arrest of judgment alleges the verdict is not responsive to the indictment or is otherwise so defective that it could not form the basis of a valid judgment. Defendant was convicted as charged by the indictment, and the verdict is in proper form.

Defendant's motion for a new trial was based on the grounds that the verdict was contrary to the law and the evidence, and the ends of justice would be served by the granting of a new trial. Because defendant properly raised the issue of the sufficiency of the evidence through his motion for a post verdict judgment of acquittal, we need not address his first ground. Defendant's allegation that the ends of justice would be served by the granting of a new trial presents nothing for this Court to review. State v. Savoie, 448 So.2d 129 (La.App. 1st Cir.1984), writ den., 449 So.2d 1345 (La.1984). Although we have found the evidence sufficient to support the verdict of second degree murder, the trial court, by authority of LSA-C.Cr.P. 851(5), could have granted a new trial based upon its finding that the mitigating circumstances were present.