CARTER, Judge.
Emmanuel Cole was charged by bill of information with possession of a stolen vehicle, a violation of LSA-R.S. 32:724. After trial by jury, defendant was found guilty of attempted possession of a stolen vehicle. Subsequently, the trial court sentenced defendant to serve two and one half years of imprisonment with the Department of Corrections. Defendant appeals, urging that the trial court erred in adjudging defendant guilty based upon insufficient evidence.
*832 On August 13, 1988, a red 1988 Plymouth Sundance, driven by defendant, was stopped by an officer from the Baton Rouge City Police Department because the vehicle had no inspection sticker. Defendant spontaneously informed the officer that the car was stolen, at which time the officer orally informed the defendant of his rights. Defendant further stated that he was a minister and that he had obtained the vehicle from a young man whom he was counselling in order to return the vehicle without implicating the young man. Defendant said that he had contacted the A.K. Durnin automobile dealership that morning and that he was going to return the vehicle later that day as soon as he completed conducting funeral services to which he was traveling at that time. Defendant was taken into custody shortly thereafter, and a formal arrest was subsequently made.
Both David Etheridge, an employee of A.K. Durnin, and Douglas Durnin, President of A.K. Durnin Chrysler-Plymouth, testified at trial. Etheridge stated that on July 14, 1988, a 1988 Plymouth Sundance, and the keys thereto, had been stolen from the dealership location on Florida Boulevard. Both Etheridge and Durnin testified that a phone call was received at the dealership on August 9, 1988, from someone claiming to be a reverend and wanting to return the stolen vehicle with no questions asked. The offer was refused, and Ether-idge was later contacted on August the 13th in order to identify the vehicle.
In his only assignment of error, defendant argues that the state failed to prove that he had the requisite criminal intent necessary to be found guilty of attempted possession of a stolen vehicle. We note that the proper procedural vehicle for raising the issue of sufficiency of the evidence is by motion for a post-verdict judgment of acquittal. LSA-C.Cr.P. art. 821. Despite defendant’s failure to proceed properly, a reviewing court must consider the issue when briefed pursuant to an assigned error and determine whether or not the evidence meets the constitutional standard enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). State v. Britt, 510 So.2d 670 (La.App. 1st Cir.1987). The standard of review for sufficiency of the evidence to support a conviction is whether or not, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that the state proved the essential elements of the crime beyond a reasonable doubt. State v. Captville, 448 So.2d 676 (La.1984).
LSA-R.S. 32:724 provides as follows:
Any person who, with intent to procure or pass title to a vehicle which he knows or has reason to believe has been stolen or unlawfully taken, received, or transfers possession of the same from one to another, or who has in his possession any vehicle which he knows or has reason to believe has been stolen or unlawfully taken, and who is not an officer of the law engaged at the time in the performance of his duty as such officer, is guilty of a felony. (Emphasis added).
Further, LSA-R.S. 14:27A provides as follows:
Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.
In order to convict defendant of attempted possession of a stolen vehicle, the state must prove that defendant, having a specific intent to commit the crime in question, did an act for the purpose of and tending directly toward accomplishing the object of possessing a vehicle, which he knew or had reason to believe was stolen or unlawfully taken, and that defendant was not an officer of the law engaged at the time in the performance of his duty as such an officer.[1]
*833 In his brief, defendant argues that he did not have the requisite intent necessary to show that criminal consequences were reasonably certain to follow from his actions. See LSA-R.S. 14:10(2). In other words, defendant argues that, although he was in possession of a stolen vehicle, he did not intend for criminal consequences to result from his being in possession thereof.
First, ignorance of this state’s criminal statutes is not a defense to a criminal prosecution. See LSA-R.S. 14:17. Further, in a general criminal intent crime, the criminal intent necessary to sustain a conviction is shown by the very doing of the act which has been declared criminal. State v. Holmes, 388 So.2d 7-22 (La.1980). Indeed, if a statute has made it criminal to do any act under particular circumstances, the party voluntarily doing that act is chargeable with the general criminal intent of committing the act in question.
Further, defendant was convicted of attempted possession of a stolen vehicle. An attempt requires specific intent to commit a particular crime. See Reporter’s Comment to LSA-R.S. 14:27. Specific intent is the state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act. LSA-R.S. 14:10(1). Specific intent is a legal conclusion to be resolved ultimately by the trier of fact. State v. Gibson, 460 So.2d 689 (La.App. 1st Cir.1984), writ denied, 464 So.2d 1376 (La.1985). Since specific criminal intent is a state of mind, it need not be proven as a fact, but may be inferred from the circumstances present and the actions of the defendant. State v. Gibson, supra at 692. Herein, the trier of fact could reasonably infer that defendant specifically intended to have the car, which he knew to be stolen, in his possession.
Under the circumstances of this case, it is clear that defendant was in possession of a vehicle which he knew to be stolen. Consequently, pursuant to the reasons given above, defendant’s assignment of error is without merit.
For the above reasons, defendant’s conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.

. LSA-C.Cr.P. art. 815(2) states that, in all cases not provided for in Article 814, the verdict of *833 guilty of a lesser and included grade of the offense is responsive. Comment (b) to LSA-C. Cr.P. art. 814 states that for all offenses not enumerated and listed in Article 814 attempt would be a responsive verdict.