476 So.2d 500 (1985)
STATE of Louisiana
v.
Ricky P. GUIDRY.
No. 85 KA0061.
Court of Appeal of Louisiana, First Circuit.
October 8, 1985.
*501 Martin Caillouet, Asst. Dist. Atty., Thibodaux, for plaintiff-appellee, State of Louisiana.
Clyde C. Caillouet, Jr., Thibodaux for defendant-appellant, Ricky P. Guidry.
Before GROVER L. COVINGTON, C.J., and WATKINS and SHORTESS, JJ.
SHORTESS, Judge.
Ricky P. Guidry (defendant) was charged by bill of information with simple burglary of a service station in violation of LSA-R.S. 14:62. He pled not guilty and after a trial by jury was convicted as charged. He was sentenced to nine years in the custody of the Louisiana Department of Corrections, and he brings this appeal, urging three assignments of error which are treated individually below.
Defendant was observed inside the office of a Thibodaux service station at about 5:00 a.m. on September 24, 1983, by John Keller. Keller saw defendant tampering with the cash register and reported the incident to law enforcement officers in the vicinity. The Thibodaux police officers who answered the call noted a broken window and arrested defendant inside the service station office as he attempted to hide under a desk.

ASSIGNMENT OF ERROR NUMBER ONE
Defendant contends that he was prejudiced because the State failed to respond to his motion for discovery and/or timely advise him of his taped statement, which was made to a law enforcement officer the day of his arrest for this charge.
The record reveals that defendant filed a motion for discovery on May 24, 1984, some twelve days prior to the sceduled trial on *502 the merits. He requested discovery of any written or recorded confession or statement of any nature made by him in the custody, control, or knowledge of the District Attorney in accordance with LSA-C. Cr.P. art. 716. Hearing on the discovery motion was conducted in chambers on the morning of the first scheduled day of trial, June 6, 1984. At that hearing, defendant testified that he had given a taped statement to a law enforcement officer. The prosecutor replied that he had no evidence in his files to indicate that any statement was made by defendant and that he did not plan to use any statement at trial. However, the trial court recessed the hearing and instructed the prosecutor to take a short time to verify if such a statement did in fact exist. If found, the prosecutor was to turn over any such statement to defendant.
Later the same morning, the prosecutor did locate defendant's taped statement. After serving defendant with notice of the State's intention to use the statement at trial, a hearing on a motion to suppress that statement was conducted out of the presence of the jury. The trial court had proceeded with selection of the jury pending resolution of the discovery issue. Defendant objected to the recess, noting that he thought interrupting the trial after empanelling the jury would prejudice him.
The motion to suppress was grounded on the voluntariness of the taped statement and alleged deficiency in the chain of custody. The trial court ruled that the statement was knowingly and voluntarily made and could be used by the State during trial on the merits. Notwithstanding this ruling, the prosecutor did not attempt to introduce or otherwise utilize defendant's taped statement at trial. Trial on the merits resumed the following day, June 7, 1984.
We are convinced from the evidence that the prosecutor was in good faith and had no knowledge of the statement prior to the time it was fully disclosed to defendant. Disclosure of the statement was made prior to the opening statements. Under these circumstances, the State substantially complied with LSA-C.Cr.P. arts. 716 and 729.3. See State v. Fisher, 380 So.2d 1340 (La. 1980). The substance of the taped statement was not inconsistent with defendant's testimony at trial, and defendant has alleged no particular prejudice, and we have found none. This assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER TWO
Defendant also alleges that the prosecutor made an improper comment in his closing argument to the jury. LSA-C. Cr.P. art. 774 provides that argument shall be confined to evidence admitted, to the lack of evidence, to conclusions of fact that may be drawn therefrom, and to the law applicable to the case. The trial court ruled that the prosecutor had exceeded the proper scope of closing argument when he said that John Keller had observed defendant with his hands in the cash register. The record reveals that, although Keller observed defendant tampering with the cash register, he was not in a position to determine if the cash drawer was actually open.
Defendant's objection, out of the presence of the jury, was sustained by the trial court. Thereafter, the prosecutor rephrased his argument and urged the jury to adopt the inference that defendant may have been going through the cash drawer when observed by Keller.
The jury was cautioned that counsel's arguments should not be considered as evidence. Before a verdict will be overturned on the basis of improper argument, we must be thoroughly convinced that the jury was influenced by the remarks and that they contributed to the verdict. State v. Handley, 453 So.2d 1242 (La.App. 1st Cir.1984), writ denied, 457 So.2d 1199 (La. 1984). We find the argument did not prejudice defendant.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER THREE
Defendant contends his conviction should be reversed because his state of intoxication *503 at the time of unauthorized entry into the service station prevented his forming the specific intent to commit a theft or felony therein.
To be guilty of simple burglary, a defendant must have the specific intent to commit a felony or theft therein at the time of his unauthorized entry. State v. Moore, 446 So.2d 917 (La.App. 1st Cir.1984). Specific intent is defined as the state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act. LSA-R.S. 14:10(1).
Specific intent is a legal conclusion to be resolved ultimately by the trier of fact. State v. Gibson, 460 So.2d 689 (La.App. 1st Cir.1984), writ denied, 464 So.2d 1376 (La.1985). Since specific criminal intent is a state of mind, it need not be proven as a fact, but it may be inferred from the circumstances present and action of the defendant. State v. Gibson.
Voluntary intoxication is a defense to a prosecution for simple burglary only if the circumstances indicate that it has precluded the presence of specific criminal intent. LSA-R.S. 14:15(2). When defenses which actually defeat an essential element of an offense, such as intoxication, are raised by the evidence, the State must overcome the defense by evidence which proves beyond a reasonable doubt that the mental element was present despite the alleged intoxication. See State v. Cheatwood, 458 So.2d 907, 910, n. 4 (La.1984).
The circumstances do not indicate that defendant's alleged intoxication precluded the presence of the specific criminal intent required in simple burglary. The only testimony concerning the amount of alcohol consumed by defendant came from defendant and his friend, Elaine Bonvillian. She testified that she observed defendant on the night in question, as they were both patrons at a local bar. She described defendant as so drunk he could hardly walk but admitted she last saw defendant at about 3:45 a.m., some time before he was discovered in the service station. Defendant described his activities during the day and night immediately prior to the burglary in great detail. He remembered who he was with and what he drank. The only gap in his memory was from the time the window in the service station was broken to the time of his arrest at that location. John Keller saw defendant inside the station office standing behind the cash register with a screwdriver in his hands. Defendant verbally threatened Keller, who immediately alerted local police officers in the vicinity. Although each officer who testified noted that defendant smelled of alcohol when arrested inside the service station office, none of the officers experienced any difficulty in communicating with defendant. He was described as alert and in control of his faculties. Viewing this evidence in the light most favorable to the prosecution, a rational trier of fact could have determined that defendant entered the service station with the specific intent to commit a theft therein. See State v. Massey, 436 So.2d 522 (La.1983).
Accordingly, this assignment of error is without merit. For all these reasons, defendant's conviction and sentence are affirmed.
AFFIRMED.