525 So.2d 215 (1988)
STATE of Louisiana
v.
Larry Mathews LEWIS a/k/a Larry Lewis Mathews.
No. 87 KA 1009.
Court of Appeal of Louisiana, First Circuit.
April 19, 1988.
*216 Martin Caillouet, Asst. Dist. Atty., Thibodaux, for plaintiff-appellee State.
Diana M. Sanders, Indigent Defender's Office, Thibodaux, for defendant-appellant Larry Mathews Lewis a/k/a Larry Lewis Mathews.
Before: COVINGTON, C.J., and SAVOIE and LeBLANC, JJ.
SAVOIE, Judge.
Defendant, Larry Mathews Lewis, a/k/a Larry Lewis Mathews, was charged in a bill of information with simple burglary, in violation of La.R.S. 14:62. He pled not guilty, was tried by a jury, and found guilty of attempted simple burglary. He was sentenced to serve six years at hard labor, with credit for time served. This appeal followed. Defendant urges four assignments of error. Assignments two and three were not briefed and, therefore, are considered abandoned. See Uniform RulesCourts of Appeal, Rule 2-12.4.

FACTS
The Shaver-Robichaux Insurance Company building is located on Canal Boulevard in the City of Thibodaux, Lafourche Parish, Louisiana. The building was outfitted with an alarm system connected to the Thibodaux Police Department.
At approximately 3:09 a.m., on October 20, 1985, Officer Pete Ledet, accompanied by Lt. Hunter, responded to the alarm. They arrived at the Shaver-Robichaux Insurance Company building one minute after the alarm sounded. Officer John Foote was on City Patrol duty at the time the alarm went off and likewise responded.
Officer Ledet walked around the building and observed defendant peeking out from behind the window curtains of a broken window. As defendant saw Officer Ledet, he ducked behind the curtains. Officer Ledet ordered defendant to "freeze" and noticed that he held a hammer and screwdriver in his hands. Defendant repeatedly stated, "You got me." Lt. Hunter ordered defendant to drop the tools on the ground and then pulled defendant from the window in order to arrest and handcuff him. Hamlin Landry, an employee of the Shaver-Robichaux Insurance Agency, met police officers at the building. A subsequent inspection of the crime scene by Landry and the police officers revealed that a fan used to cool computers had been removed from its place in the computer room and placed in the hallway. A typewriter had been removed from its desk and placed on the floor. Nothing belonging to the insurance company was found in defendant's possession.
ASSIGNMENTS OF ERROR NOS. ONE AND FOUR:
These two assignments of error were consolidated for argument in defendant's appellate brief and will be considered together *217 for purposes of this opinion. By means of assignment of error number one, defendant contends the evidence is insufficient to support a conviction of attempted simple burglary. Through assignment of error number four, defendant urges trial court error in restricting defendant's examination of witnesses at trial regarding defendant's history of alcohol abuse and the effect of alcohol on defendant's ability to form the specific intent to commit a simple burglary. Apparently, the thrust of assignment of error number four is that the trial court should have allowed defendant to elicit testimony regarding "a pattern of alcohol abuse which would have given credibility to defendant's defense of intoxication at the time the alleged crime was committed." Defendant claims that testimony from defense witnesses establishes that he was "highly intoxicated" at the time of the offense and, consequently, lacked the requisite specific intent to commit the crime of simple burglary. In essence, defendant admits that the other elements of the crime of attempted simple burglary were proven beyond a reasonable doubt.
We note that the proper procedural vehicle for raising the issue of the sufficiency of the evidence is by a motion for a postverdict judgment of acquittal. LSA-C. Cr.P. art. 821; State v. Britt, 510 So.2d 670 (La.App. 1st Cir.1987). Despite defendant's failure to proceed properly, a reviewing court must consider the issue when briefed pursuant to an assigned error and determine whether or not the evidence meets the constitutional standard enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The standard of review for sufficiency of the evidence to support a conviction is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that the state proved the essential elements of the crime beyond a reasonable doubt. LSA-C.Cr.P. art. 821; State v. Captville, 448 So.2d 676 (La.1984).
Defendant was convicted of attempted simple burglary, a responsive verdict to the charge of simple burglary. LSA-C.Cr.P. art. 814(A)(44). In order to convict defendant of attempted simple burglary, the state must have proved that, when he entered the building, defendant had the specific intent to commit a felony or theft therein. LSA-R.S. 14:62; see State v. Guidry, 476 So.2d 500 (La.App. 1st Cir.1985), writ denied, 480 So.2d 739 (La. 1986). Defendant herein contends he lacked the requisite specific intent due to his intoxication. Specific intent is the state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act. LSA-R. S. 14:10(1). Specific intent is a legal conclusion to be resolved ultimately by the trier of fact. State v. Gibson, 460 So.2d 689 (La.App. 1st Cir.1984), writ denied, 464 So.2d 1376 (La.1985). Specific criminal intent is a state of mind. Therefore, it need not be proven as a fact; it may be inferred from the circumstances present and the action of the defendant. State v. Guidry, supra; State v. Gibson, supra.
Voluntary intoxication is a defense to a prosecution for simple burglary only if the circumstances indicate that it has precluded the presence of specific criminal intent. LSA-R.S. 14:15(2); State v. Guidry, supra. When defenses which defeat an essential element of an offense, such as intoxication, are raised by the evidence, the state must overcome the defense by evidence which proves beyond a reasonable doubt that the mental element was present despite the alleged intoxication. See State v. Guidry, supra, at 503.
The circumstances of this case do not indicate that defendant's alleged intoxication precluded the presence of the specific criminal intent required in attempted simple burglary. Defense witnesses testified that defendant had been drinking beer and wine during an eight-hour (12 noon until 8:00 p.m.) span on October 19, 1985. All but one defense witness stated that defendant was very intoxicated on the afternoon and evening of October 19, 1985. However, defendant was apprehended by police officers approximately seven hours *218 later, at 3:00 a.m. The police officers testified that defendant did not appear intoxicated as he did not smell of alcohol, was not stumbling or staggering when walking, and spoke clearly. Officer Ledet saw defendant peeking out from behind window curtains and then ducking behind the curtains when defendant realized he had been seen. When told to "freeze," defendant raised his arms overhead, a hammer and screwdriver still in hand, and repeatedly stated, "You got me." The record reflects that a window, which is five feet nine inches above the ground, was broken to gain entry to the building. Defendant did not have permission to be on the premises. A fan and a typewriter were moved from their usual places and set down in the hallway.
Viewing this evidence in the light most favorable to the prosecution, a rational trier of fact could have inferred beyond a reasonable doubt that defendant entered the building with the intent to commit a felony or theft inside the building.
The trial court repeatedly sustained the state's objections to defense counsel's questions to to defense witnesses regarding their knowledge whether or not defendant was an alcoholic. The state's objections put at issue the relevancy of the questions; the state contended that the only relevant matter was defendant's condition at the time of the offense. The trial court agreed with the state's contentions. We find that the trial court was correct in sustaining the state's objections; it is within the trial court's discretion to disallow an answer on the grounds of relevancy. Defendant may well have had a history of intoxication, alcohol abuse, and/or alcoholism, but if, as here, there was no evidence of intoxication at the time of the offense then such history is irrelevant.
Similarly, the trial court did not err in refusing to permit Dean Landreneau, an expert in the fields of social work and substance abuse counseling, to testify concerning defendant's history of alcohol abuse. The trial court sustained the state's objections to questions propounded by defense counsel, on the basis that the questions were not relevant to the issue of defendant's condition at the time of the offense.
The record reflects that defendant was not prejudiced. Dean Landreneau, the expert witness, was allowed to testify that he knew defendant in a professional capacity (i.e., clinic manager of the Office of Prevention and Recovery from Alcohol and Drug Abuse) and that he saw defendant in a professional capacity eleven days after the instant offense. The jury could have inferred that defendant was an alcoholic.
In matters of relevancy, the trial court has broad discretion; no reversible error is shown by the rulings herein. See State v. Andrews, 451 So.2d 175 (La.App. 1st Cir.), writ denied, 457 So.2d 17 (La.1984). Moreover, after a careful review of the record, and considering the totality of the circumstances, we find the evidence sufficient to allow any rational trier of fact to conclude that each essential element of the crime of attempted simple burglary was proven beyond a reasonable doubt. Consequently, the assignments of error advanced by defendant are without merit.
AFFIRMED.