527 So.2d 1171 (1988)
STATE of Louisiana, Appellee,
v.
William Gene SKIPPER, Appellant.
No. CR87-1071.
Court of Appeal of Louisiana, Third Circuit.
June 22, 1988.
*1172 Wm. C. Pegues, III, Dist. Atty., DeRidder, for defendant-appellant.
Richard A. Morton, DeRidder, for plaintiff-appellee.
Before GUIDRY, FORET and LABORDE, JJ.
FORET, Judge.
Defendant, William Gene Skipper, was charged by bill of information with simple burglary, a violation of La.R.S. 14:62, and with illegal possession of stolen property, a violation of La.R.S. 14:69. Skipper was found guilty as charged by a six-person jury and sentenced to twelve years at hard labor on the simple burglary charge and eight years at hard labor on the illegal possession of stolen property charge, the sentences to run consecutively. Defendant appeals his conviction and sentences based on seven assignments of error. We find none of them meritorious.
Assignment of error number four has not been briefed and is therefore considered abandoned. State v. Dewey, 408 So.2d 1255 (La.1982).

FACTS
In the early morning hours of December 17, 1986, a silent alarm was activated at an automobile dealership located in Beauregard Parish. Upon arriving at the dealership, the initial investigating officer observed *1173 that a large glass door on the side entrance to the showroom had been broken by a piece of cement. The officer also noticed a red tool box and tote bag outside the building near the broken glass. After additional police units arrived, all exits were secured, and the officers entered the building. During a search of the building, a suspect, later identified as Skipper, was found hiding in an aisle in the parts department. Skipper was arrested, searched, and brought to a police car. During the search, police recovered a set of keys on a key ring, a knife, and a wallet. In the wallet were several credit cards and a proof of insurance document on a Ford 250 pickup truck.
The owner of the dealership, who arrived at the scene during the investigation, advised the police that he had observed a wrecked vehicle in a ditch a short distance from the dealership. It was later discovered that the keys seized from Skipper were the keys to the wrecked pickup. Also, a license plate found in the red tool box was identified at trial as the one which was on the pickup on the date it was stolen.
During questioning, Skipper denied being in possession of the pickup and denied having entered the dealership, but admitted to being the owner of the red tool box. At trial, the owner of the dealership testified that Skipper was not authorized to enter the building. The owner of the pickup identified the truck found in the ditch and testified that only one employee was authorized to use the truck. The authorized user of the vehicle testified that the truck had been stolen on December 1, 1986. This witness identified the credit cards, keys, key chain, and insurance document seized from Skipper as property which was in the truck on the date it was stolen. The witness also testified that Skipper was not authorized to use the truck.

Assignments of Error Nos. 1 and 2.
By these assignments of error, defendant contends that the State failed to prove beyond a reasonable doubt all essential elements of the crime of illegal possession of stolen things. More particularly, he asserts that the evidence presented did not establish that he possessed, procured, received, or concealed the vehicle or that he knew the vehicle was stolen.
In order to convict a defendant of illegal possession of stolen things under La.R.S. 14:69, the prosecution must prove beyond a reasonable doubt: 1) that the property was stolen; 2) that the item was of value; 3) that the defendant knew or should have known the property was stolen; and 4) that the defendant intentionally possessed, procured, received, or concealed the property. State v. St. Romain, 505 So.2d 223 (La.App. 3 Cir.1987), writ denied, 508 So.2d 86 (La.1987).
That the property was stolen is clearly established by the testimony of the owner of the pickup and the employee who was granted exclusive use by the owner. Both the owner and his employee testified that the truck was valued at over $10,000. Skipper asserts that the State failed to prove his possession of the truck or his knowledge that the truck had been stolen.
In cases charging a defendant with illegal possession of stolen property, the prosecution need not prove actual possession in order to support a conviction. A conviction may be supported by a showing of "constructive" possession; that is, the item being within the defendant's dominion or control. State v. Mercadel, 503 So.2d 608 (La.App. 4 Cir.1987). In the instant case, Skipper was found in close proximity to a truck stolen some sixteen days prior to his arrest. He was in possession of the keys to the vehicle and other property which were located in the vehicle on the date it was stolen. The evidence presented, when viewed in a light most favorable to the prosecution, was sufficient to show that defendant had intentional possession of the stolen vehicle.
In addition to establishing defendant's possession of the stolen truck, in order to sustain a conviction, the State must prove that defendant knew or had good reason to believe the vehicle was stolen. State v. Ennis, 414 So.2d 661 (La.1982); State v. Honeycutt, 438 So2d 1303 (La.App. 3 Cir. 1983), writ denied, 443 So.2d 585 (La.1983).
*1174 Again, when defendant was arrested he was in possession of several pieces of property. The proof of insurance form clearly showed the owner of the vehicle to be one other than defendant. The owner testified that Skipper was not authorized to use the vehicle. Also found with defendant were personal credit cards of the authorized user of the vehicle. These documents are sufficient to establish defendant's knowledge that the vehicle was stolen.
In State v. Banks, 412 So.2d 1025 (La. 1982), the court rejected a defendant's claim that the state failed to prove knowledge that a vehicle in his possession was stolen. Under analogous evidence, the court stated, at page 1027: "These documents, if delivered to the defendant with the automobile, should have caused any reasonable person to believe that the car and the documents had been stolen."
Viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found defendant guilty beyond a reasonable doubt of illegal possession of stolen things. Furthermore, although the evidence presented was circumstantial, the evidence appears to exclude every reasonable hypothesis of innocence. La.R.S. 15:438; State v. Lambert, 475 So.2d 791 (La.App. 3 Cir.1985), writ denied, 481 So.2d 1345 (La.1986).

These assignments are without merit.

Assignment of Error No. 3.
Defendant argues in this assignment of error that the evidence presented at trial was insufficient to prove commission of simple burglary. More particularly, he asserts that no evidence was presented to establish that he intended to commit a theft or felony while in the automobile dealership.
To support a conviction of simple burglary under La.R.S. 14:62, the State must establish: 1) that defendant made an unauthorized entry into the dealership building and 2) that the defendant had specific intent to commit either a theft or a felony at the time of his unauthorized entry. State v. Jones, 426 So.2d 1323 (La. 1983); State v. Marcello, 385 So.2d 244 (La.1980). Evidence of an unauthorized entry into a building is not alone sufficient to support a conviction for simple burglary. State v. Jacobs, 504 So.2d 817 (La.1987). The specific intent necessary to support a conviction for simple burglary is a state of mind which may be inferred from the totality of the circumstances present and the actions of the defendant. Specific intent is a legal conclusion ultimately to be resolved by the trier of fact. La.R.S. 15:445; State v. Guidry, 476 So.2d 500 (La.App. 1 Cir. 1985), writ denied, 480 So.2d 739 (La.1986).
In the instant case, defendant gained unauthorized entry into an automobile dealership by throwing a piece of concrete through a showroom window. The entry apparently occurred shortly after Skipper wrecked a stolen vehicle in his possession. A tool box and tote bag belonging to defendant were found outside the building at the point of entry. The owner of the business testified that although nothing had been stolen from the premises, part of the telephone system had been torn loose. Defendant's activity within the business tripped a silent alarm which notified the police. Upon investigating, the police discovered Skipper secreting himself in the parts department.
The totality of circumstances present could lead a rational trier of fact to conclude that defendant entered into the dealership building with a specific intent to commit a theft therein. Defendant's argument that no evidence existed as to an intent to commit a theft is baseless. The first police unit arrived on the scene just minutes after an alarm was sounded. Defendant was arrested shortly thereafter. In those few minutes, he apparently attempted to either steal or damage the phone system. It would be reasonable for the trier of fact to conclude that defendant damaged the phone system in an attempt to break or disconnect the alarm system. It was rational for the trier of fact to conclude that defendant intended to commit a theft upon unauthorized entry into the building and would have completed a theft had he not been thwarted by the police.
*1175 Skipper relies on State v. Jones, supra, in asserting that because the business owner reported nothing stolen, there was insufficient evidence of an intent to commit a theft. The facts in Jones are clearly distinguishable. In that case, defendant made an admittedly unauthorized entry into the home of a neighbor. Defendant sought to justify his action by claiming that he was merely seeking assistance in getting to a hospital for medical care. The victim was in the residence at the time of entry and testified that defendant entered in a dazed state. When detected, the defendant did not attempt to hide or flee. No property was stolen or damaged. The court, in reversing defendant's conviction, stated, "His activity in the building negates any implication that he intended the offense charged." State v. Jones, supra, at 1326 (quoting State v. Marcello, supra.)
In the present case, however, Skipper's entry into the building was forceful. Once entry was gained, defendant damaged the phone system. Viewing the evidence in the light most favorable to the prosecution, the legal conclusion made by the jury that defendant's unauthorized entry was made with the intent to commit a theft or felony therein appears rational.
Defendant also contends his intoxication precludes the presence of the necessary specific criminal intent required in simple burglary. Four separate police officers who testified at trial reported an odor of alcohol on defendant. However, he was described as coherent and not intoxicated "as far as his speech and understanding." Defendant's assertion that he was so drunk as to be unable to walk from the building is not supported by the record. Instead, it appears that Skipper was being uncooperative and refused to walk out of the building. It should be noted that he was able to walk at the police station. Under a similar factual situation surrounding a defendant's intoxication, the court in State v. Guidry, supra, rejected an assertion that the defendant's intoxication precluded formation of the requisite specific intent.
Accordingly, this assignment of error is without merit.

Assignment of Error No. 5.
Skipper asserts that the trial court erred in denying his motion for a mistrial based on the actions of a Breauregard Parish Sheriff's Office deputy in preventing him from bringing a law book and notes into the courtroom. Defendant contends he intended to bring into court a criminal code and notes to be used at cross-examination. The denial of access to these notes during trial, according to defendant, violated his right to confrontation and to assist in his defense.
A mistrial shall be ordered when prejudicial conduct in or outside the courtroom makes it impossible for the defendant to obtain a fair trial. La.C.Cr.P. art. 775. Mistrial is a drastic remedy and is warranted only when the result is substantial prejudice to the defendant, depriving him of a fair trial. State v. Sepulvado, 359 So.2d 137 (La.1978), appeal after remand, 367 So. 2d 762 (La.1979); State v. Richardson, 444 So2d 654 (La.App. 1 Cir.1983), writ denied, 446 So.2d 313 (La.1984). "The determination of whether prejudice has resulted lies within the sound discretion of the trial judge." State v. Smith, 430 So.2d 31, 44 (La.1983).
Under the facts of the instant case, it does not appear that the trial court abused its discretion in denying Skipper's motion for a mistrial. The motion was made after both the State and the defense rested. The trial judge mentioned in denying the motion that defense counsel had a copy of the criminal statutes and procedural rules throughout the trial at the defense table. Defendant was not restricted from referring to the book nor was he prevented from assisting his attorney at trial. Defendant was not prejudiced by actions outside of the courtroom nor did those actions result in his being deprived of a fair trial. This assignment of error is without merit.

Assignments of Error Nos. 6 & 7.
Defendant contends that the sentence imposed by the trial court is unconstitutionally excessive and results in cruel and unusual punishment in violation of La. Const., Art. 1 § 20. More particularly, defendant *1176 argues that the trial court erred in not considering his alcoholism as a factor in mitigation of sentence. Also, defendant argues that a twelve-year sentence and an eight-year sentence to be served consecutively are unduly harsh for the harm caused by his crime.
Our review of this matter indicates that the trial court adequately followed the dictates of La.C.Cr.P. art. 894.1 in sentencing the defendant and further, that the trial court sentences do not appear to be an abuse of discretion.
Accordingly, the conviction and sentences of defendant are affirmed.
AFFIRMED.