h Chief Judge WILLIAM H. BYRNES III.
On January 25, 2001, Isaac Dupree was charged by bill of information with possession of cocaine in violation of La. R.S. 40:967(C). At his arraignment on February 5th he pleaded not guilty. After hearings on February 16th and March 19th, the trial court found probable cause and denied the motion to suppress the evidence. The defendant, having been advised of his right to a jury, elected a bench trial. He was tried on June 19th, and on July 25th, he was found guilty of attempted possession of cocaine. On July 31st he was sentenced to serve two years at hard labor. Dupree was granted an appeal on April 10, 2002.
Officer Michael Keating conducted surveillance at Forstall and North Johnson Streets about 8 a.m. on January 11, 2001, because people in the area complained of narcotic trafficking. The officer observed a man, who was wearing a yellow raincoat and green pants and was later identified as Isaac Dupree, ride up to the intersection on a bicycle. Another man was standing at the intersection; he was dressed in a black and white camouflage jacket and black pants. The men spoke and then the man on the bicycle handed the other man currency and received in exchange a small plastic bag. Officer Keating radioed his backup unit a description of the men involved in the exchange. Based on his experience, the officer believed he had witnessed a drug transaction. The defendant pedaled down North Johnson Street toward Egania Street, and Officer Mark McCourt stopped him in the 2000 block of Egania Street. Officer McCourt saw the defendant drop something wrapped in plastic as he stopped. The officer handcuffed him and 12placed him in the back of a police car; the officer then retrieved the small object and found it to be a plastic bag containing what proved to be crack cocaine.
Officers Barbetti and Anderson detained the other man, later identified as Matthew Johnson, at the Forstall and North Johnson Street intersection, and he was found to be carrying $389.
Officer Harry O’Neal, an expert in analysis of controlled dangerous substances, prepared the crime lab report, which indicates that the 13.6 grams of a white sub *381 stance retrieved from the defendant was tested and proved to be cocaine.
Dorothy Carr, of 2026 Egania Street, testified that she saw a police officer with the defendant in her yard on the morning of January 11, 2001. They were moving out of her yard and toward the police car. Ms. Carr saw that the defendant was carrying a clear plastic bag containing milk and doughnuts. Ms. Carr said that the defendant’s nephew is her neighbor.
Oscar Dupree, the nephew of the defendant, testified that he lives at 2023 Egania, Apartment B. He said that every morning his uncle brings his children milk and doughnuts for breakfast. On January 11, 2001, the defendant got off his bike at his nephew’s house and was walking up the steps when a police officer pulled him off the steps and toward the police car. A plastic bag containing milk and doughnuts was on the ground, and the police officer gave the bag to Oscar Dupree as he was arresting the defendant. When asked on cross-examination what kind of doughnuts and milk the defendant had bought, Oscar Dupree could not recall the brands. Oscar Dupree also said that his three children, ages thirteen, eight and four, were on the porch when the defendant was arrested.
| ..¡Officer McCourt testified in rebuttal that he could not see a bag in the defendant’s hands while he was riding his bicycle and nothing was in the basket of the bicycle. Only when the officer stopped the defendant did the defendant release a small plastic bag. Officer McCourt never saw the defendant in possession of milk and doughnuts.
A review of the record for errors patent reveals none.
In a single assignment of error the defendant complains that the trial court erred when it failed to advise him of post-conviction relief provisions under La. C.Cr.P. art. 930.8. However, this article contains merely precatory language and does not bestow an enforceable right upon an individual defendant. State ex rel. Glover v. State, 93-2330, 94-2101, 94-2197, p. 21 (La.9/5/95), 660 So.2d 1189, 1201, abrogated in part on other grounds, State ex rel. Olivieri v. State, 2000-0172, 2000-1767 (La.2/21/2001), 779 So.2d 735, cert. denied, Olivieri v. Louisiana, 533 U.S. 936, 121 S.Ct. 2566, 150 L.Ed.2d 730 (2001).
In the interest of judicial economy, we note for defendant that La.C.Cr.P. art. 930.8 generally requires that applications for post-conviction relief be filed within two years of the finality of a conviction.
Accordingly, we affirm the defendant’s conviction and sentence.
CONVICTION AND SENTENCE AFFIRMED.