| .MCDONALD, J.
The defendant, Frank Robins, was charged by bill of information with two counts of armed robbery, violations of La. R.S. 14:64. The defendant pled not guilty. Prior to trial, the State amended the bill of information to one count of armed robbery. Following a jury trial, the defendant was found guilty of the responsive offense of first degree robbery, a violation of La. R.S. 14:64.1. The defendant was sentenced to eight years at hard labor without benefit of parole, probation or suspension of sentence. He now appeals, asserting two assignments of error. We affirm the conviction and sentence.
FACTS
In May 2002, Terrence Fields, a resident of Baton Rouge, Louisiana, placed an advertisement in the News on Wheels Publication. The ad was for the sale of four rims. The rims were Lorenzor D93, chromed, twenty-inch wheels with tires on them. Fields had purchased the rims one year earlier at a price of $5,000.00. After receiving several inquiries about the rims, Fields was contacted by the defendant. Because the defendant lived in New Orleans, Louisiana, Fields arranged to meet him at the Foley’s parking lot outside the Mall of Louisiana, in Baton Rouge, Louisiana on May 28, 2002. On that date, Fields met the defendant at Foley’s parking lot as planned. Fields arrived in a green 1994 Dodge Caravan and was accompanied by LaRon Stone and Jonathan Williams. Williams, who is autistic, remained in Fields’s vehicle. The defendant arrived in a black Pontiac Firebird and was accompanied by three other individuals, two of whom were in a black Chevy Avalanche truck. Because the rims came from Fields’s 1997 Infíniti Q45, the defendant mounted one on his Firebird to determine whether it fit. Upon confirming that it fit, *898 the defendant attempted to negotiate a different price from what Fields ^originally asked. As they were negotiating, Stone began to load the rims into the back of the Avalanche. The men agreed upon a price of approximately $3,100.00 to $3,300.00. The defendant gave Fields a wad of money, which purportedly was half the negotiated price. Fields handed the money to Stone to count. Stone reported that it was $1,600.00. Fields approached the defendant, who was sitting in the driver’s seat of the Firebird, to retrieve the other half of the money. At that point, the defendant pulled a gun on Fields and instructed him to give back the wad of money. The two men in the Avalanche exited the truck and the driver of the Avalanche struck Fields in his face. The passenger of the Avalanche pulled a gun on Stone and took the money from him. The defendant and his accomplices returned to their vehicles and drove off, heading East on Interstate 10. Fields called 911 and reported the incident. He gave a description of the defendant, the weapon, and both vehicles, including the Firebird’s license plate number.
Following a pursuit on Interstate 10, the defendant and his passenger were apprehended by Louisiana State Troopers of Troop B at a roadblock in St. John the Baptist Parish. The men in the Avalanche were not apprehended. Detective Kent Landacre of the East Baton Rouge Parish Sheriffs Office transported Fields to the scene of the roadblock stop. Fields positively identified the defendant and his passenger as the men who robbed him.
LAW AND ARGUMENT
Defendant argues that the trial court gave an erroneous jury charge and that the evidence was insufficient to support a conviction. We will decide the sufficiency issue first because a finding of insufficient evidence to support the guilty verdict bars the retrial of a defendant based on the constitutional protection against double jeopardy. Thus, all other issues would be rendered Lmoot. State v. Davis, 2001-3033, pp. 2-3 (La.App. 1 Cir. 6/21/02), 822 So.2d 161, 163.
Sufficiency of the Evidence
An appellate court, in reviewing any criminal conviction, must determine whether the overall evidence, viewed in a light most favorable to the prosecution, was sufficient for a rational trier of fact to conclude beyond a reasonable doubt that the accused was guilty of each and every element of the offense. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).
The defendant specifically argues that the evidence was insufficient to prove that he committed the armed robbery of Terrence Fields and LaRon Stone. The State asserts that the defendant was a principal to the robbery of Fields and Stone.
The parties to crimes are classified as principals and accessories after the fact. La. R.S. 14:23. All persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals. La. R.S. 14:24. “[A]n individual may only be convicted as a principal for those crimes for which he personally has the requisite mental state.” State v. Pierre, 93-0893, p. 2 (La.2/3/94), 631 So.2d 427, 428 (per cu-riam). Louisiana Revised Statute 14:10 provides that criminal intent may be specific or general:
1. Specific criminal intent is that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal *899 consequences to follow his act or failure to act.
| ¡,2. General criminal intent is present whenever there is specific intent, and also when the circumstances indicate that the offender, in the ordinary course of human experience, must have adverted to the prescribed criminal consequences as reasonably certain to re-suit from his act or failure to act.
A jury found the defendant guilty of first degree robbery, a responsive offense of armed robbery. See La.C.Cr. P. art. 814(A)(22). First degree robbery is defined at La. R.S. 14:64.1(A) as the taking of anything of value belonging to another from the person of another, or that is in the immediate control of another, by use of force or intimidation, when the offender leads the victim to reasonably believe he is armed with a dangerous weapon. Thus, in order to sustain a conviction of first degree robbery, we must find that: (1) an object was taken; (2) the object had value; (3) the object belonged to another or was in the immediate control of another; (4) force or intimidation was used to take the object; and (5) the victim believed the offender had a dangerous weapon.
Robbery of Terrence Fields
The record clearly reflects that Fields was the owner of the rims. He testified that he purchased the rims the previous year for $5,000.00. He further testified that the sale transaction was to take place between himself and the defendant. He negotiated the sale of the rims to the defendant for at least $3,100.00. While they were negotiating, Stone proceeded to load the rims onto the Avalanche truck. The defendant gave Fields what was purported to be half of the money. However, prior to receiving the other half of the money, the defendant pulled a gun on Fields and instructed him to give back the money. The driver of the Avalanche exited the truck and struck Fields in the face. The defendant and his passenger departed in the Firebird and the men in the Avalanche drove off with the rims without paying Fields for them. Fields testified the defendant touched him on the Junóse with the gun and that he was scared, and that he felt like he could lose ^ life-
Robbery of LaRon Stone
The record clearly reflects that Stone accompanied Fields to the mall for the transaction and to buy a DVD movie. The record reflects that when the defendant pulled a gun on Fields, the men in the Avalanche exited their truck and the passenger pulled out a gun also. The passenger of the Avalanche put his gun in Stone’s face and took the wad of money back from Stone that Fields had given him to count. Stone testified that he was scared and he thought that he was going to die.
In State v. Creel, 540 So.2d 511, 514 (La.App. 1 Cir.), writ denied, 546 So.2d 169 (La.1989), we noted that the testimony of the victim is sufficient to establish the elements of the offense. Furthermore, the trier of fact is free to accept or reject, in whole or in part, the testimony of any witness. State v. Richardson, 459 So.2d 31, 38 (La.App. 1 Cir.1984). Moreover, where there is conflicting testimony about factual matters, the resolution of which depends upon a determination of credibility of the witnesses, the matter is one of the weight of the evidence, not its sufficiency. Richardson, 459 So.2d at 38. On appeal, this court will not assess the credibility of witnesses or reweigh the evidence to overturn a fact finder’s determination of guilt. Creel, 540 So.2d at 514.
We have carefully reviewed the record. We find that Fields was the owner of the rims. The sale of the rims was to occur *900 between Fields and the defendant. The men in the Avalanche truck were acquaintances of the defendant because the rims were loaded onto their truck. The men did not exit their, truck or pull out then-weapons until after the defendant pulled out his gun. The defendant and his accomplices used their guns to take the rims |7and the money. Therefore, the defendant was a principal to the commission of this offense. Pulling out a gun and driving off with the rims on the back of the truck supports a finding of specific intent to rob Fields of the rims. Additionally, the record reflects that Stone had immediate control of the money. Upon the defendant’s instruction to give back the money, the men exited their truck, pulled out weapons and took the money from Stone. Therefore, the defendant was a principal to the robbery of Stone because he directly procured the men to aid him in the commission of this offense.
Accordingly, we find the evidence, viewed in a light most favorable to the prosecution, clearly supports a conviction of first degree robbery of Fields and Stone. This assignment of error is without merit.
We find the evidence presented by the State sufficient to support a conviction for the robbery of both victims. We will address defendant’s other assignment of error asserting that the trial court erred in its charge to the jury that it is not necessary to find both Terrence Fields and LaRon Stone were.victims of an armed robbery.
Originally, the defendant was charged with two counts of armed robbery. Count one alleged that he robbed Fields and count two alleged that he robbed Stone. On the morning of the trial, the State amended the bill of information from two counts to one count. The amendment read as follows:
Count 1-on or about May 28, 2002, the defendant, Frank Robins, while armed with a dangerous weapon, robbed T. Fields and L. Stone.
The assistant district attorney signed the amendment. Defense counsel filed a bill of particulars to determine what is the “thing of value” that the defendant is accused of taking from Fields and from Stone. Additionally, defense counsel argued that use of the word “and” in the amended bill was conjunctive. The State argued that “and” was disjunctive |«and that the case law reflects that the State can name two victims in one count as long as it is all part of one transaction. This issue of the State’s burden of proof by using the word “and” instead of “or” was not resolved. The State orally answered the' bill of particulars and the case proceeded to trial.
Prior to closing arguments, the trial court heard arguments from the parties on the issue of what the State’s burden was pursuant to the wording of the bill of information. The State’s position was that it had to prove that defendant robbed Fields or Stone or both victims. The defense’s position was that the State had to prove the defendant robbed both victims. The trial court, using State v. Ware, 845 So.2d 33, 35 (La.1977) and State v. Foe, 337 So.2d 491, 492 (La.1976) as guidance, found that the State had to prove all the elements of armed robbery of Fields or Stone. Following closing arguments, the trial court gave the jury the following charge in accordance with its ruling:
The defendant is charged with armed robbery of Terrence Fields and LaRon Stone. It is not necessary that you find that both Terrence Fields and LaRon Stone were victims of an armed robbery. It is only necessary that you find that all of the elements of armed robbery and all of the elements of one of the responsive verdicts have been proven by the state *901 beyond a reasonable doubt in reference to Terrence Fields or Laron Stone as victims.
The defendant contends that the trial court erred in its charge to the jury. The defendant argues that the State, by opting to charge a defendant with one crime against multiple victims, does so at its peril. He further argues that the State loses the opportunity to obtain a conviction in the one when it cannot prove the crime in both, just as the State' cannot obtain two convictions as to two victims and cannot obtain multiple convictions for multiple incidents, when the charges are consolidated. We disagree.
| flLouisiana Code of Criminal Procedure article 480 provides:
If an offense may be committed by doing one or more of several acts, or by one or more of several means, or with one or more of several intents, or with one or more of several results, two or more of such acts, means, intents, or results may be charged conjunctively in a single count of an indictment, or set forth conjunctively in a bill of particulars, and proof of any one of the acts, means, intents, or results so charged or set forth will support a conviction.
In Ware, 345 So.2d at 34-35, the defendant urged an assignment of error by which he contended that the trial court erred in failing to sustain his motion to quash the bill of information on the ground that it improperly charged him with committing two offenses in the same count in violation of the joinder rules set forth in Title 13, Chapter 5 of the Code of Criminal Procedure. In Ware, 345 So.2d at 34, the bill of information, in pertinent part, read “Sylvester Ware ... while armed with dangerous weapons, to wit: pistols, robbed Barbara Mann and George Hunt, contrary to the provisions of R.S. 14:64 .... ” In deciding Ware, the Louisiana Supreme Court followed its ruling in Foe, 337 So.2d at 492. In Foe, there was an identical type of bill where the defendant was charged in one count with armed robbery of two victims. In Foe, the Court ruled the State, while not required to do so, had opted to charge defendant with a single armed robbery of dual victims, in a circumstance where there was a single transaction involving identical time, place and parties — a single set of facts — and that no prejudice co.uld result under the circumstance.
The law and jurisprudence clearly provide that when an offender commits an offense that leads to several results e.g., robbery of two victims, then the offender may be charged conjunctively in a single count of an indictment and proof of any one of the acts, means, intents, or results so charged or set forth will support a conviction. We therefore find that the Imtrial court did not err in its instruction to the jury. As previously noted, defendant’s argument also fails because the State did prove beyond a reasonable doubt that the defendant robbed both victims. Accordingly, this assignment of error is without merit.
For the foregoing reasons, the conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.