950 So.2d 727 (2006)
STATE of Louisiana
v.
Roderick Karzon GODBOLT.
No. 2006 KA 0609.
Court of Appeal of Louisiana, First Circuit.
November 3, 2006.
*729 Walter P. Reed, District Attorney, Covington, Kathryn Landry, Baton Rouge, for State  Appellee.
Mary E. Roper, Baton Rouge, for Defendant  Appellant Roderick Godbolt.
Roderick K. Godbolt, Angola, In Proper Person Defendant  Appellant.
Before: KUHN, GAIDRY, and WELCH, JJ.
WELCH, J.
The defendant, Roderick Karzon Godbolt, was charged by bill of information with simple burglary, in violation of La. R.S. 14:62. The defendant pled not guilty. After a jury trial, the defendant was found guilty as charged. The trial court denied the defendant's motion for post-verdict judgment of acquittal and motion for new trial. After waiving sentencing delays, the defendant was sentenced to six years imprisonment at hard labor. The trial court denied the defendant's motion to reconsider sentence. The defendant was later adjudicated a third felony habitual offender.[1] The trial court vacated the previously-imposed sentence and sentenced the defendant to life imprisonment at hard labor without the benefit of parole. The defendant now appeals, raising error to the sufficiency of the evidence and the trial court's failure to inform the defendant of the time delays for filing an application for post-conviction relief. For the following reasons, we affirm the defendant's conviction, habitual offender adjudication, and sentence.

FACTS
During the morning hours of January 5, 2004, the defendant gained entry of a 1988 Nissan Stanza that belonged to Chris Hogan, and removed the stereo from the dash compartment of the car. In doing so, the defendant tore out the chassis and mounting plate for the stereo. Chris Hogan's vehicle was parked on the side of his residence, located at 718 May Avenue in Bogalusa, Louisiana. The defendant's presence was discovered when Kevin Tillman, Chris Hogan's cousin, was awoken by a noise that he identified as glass being shattered. Dwayne Hogan, Chris Hogan's nephew, called 911, while Chris Hogan and Kevin Tillman accosted the defendant. Officers of the Bogalusa Police Department promptly arrived at the scene. Chris Hogan and Kevin Tillman escorted the defendant to Lieutenant James Smith. Evidence was collected at the scene and the witnesses provided statements to the police. Based on these facts, the defendant was charged and convicted of the instant offense.

ASSIGNMENT OF ERROR NUMBER ONE
In his first assignment of error, the defendant avers that the evidence presented herein is insufficient to support the *730 conviction. The defendant specifically argues that there is no evidence that he had specific intent to commit a felony or theft when he entered Chris Hogan's vehicle. The defendant notes that during his trial testimony he stated that he was under the mistaken belief that he had permission to enter the vehicle and take the radio and that he was intoxicated at the time of the forced entry. Citing La. R.S. 14:16, the defendant argues that this mistake of fact precludes the presence of specific intent. The defendant concludes that the evidence presented by the State did not exclude his reasonable hypothesis of innocence.
The constitutional standard for testing the sufficiency of evidence, enunciated in Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979), is whether or not the evidence, when viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime had been proved beyond a reasonable doubt. State v. Brown, XXXX-XXXX (La.4/12/05), 907 So.2d 1, 18. This standard is codified in La.C.Cr.P. art. 821.
The Jackson standard of review is an objective standard for testing the overall evidence, both direct and circumstantial, for reasonable doubt. When analyzing circumstantial evidence, La. R.S. 15:438 provides that the trier of fact must be satisfied that the overall evidence excludes every reasonable hypothesis of innocence. State v. Graham, XXXX-XXXX (La. App. 1st Cir.2/14/03), 845 So.2d 416, 420. When a case involves circumstantial evidence and the jury reasonably rejects the hypothesis of innocence presented by the defendant's own testimony, that hypothesis falls, and the defendant is guilty unless there is another hypothesis, which raises a reasonable doubt. State v. Captville, 448 So.2d 676, 680 (La.1984).
Where there is conflicting testimony about factual matters, the resolution of which depends upon a determination of the credibility of the witnesses, the matter is one of the weight of the evidence, not its sufficiency. State v. Robins, XXXX-XXXX (La.App. 1st Cir.5/6/05), 915 So.2d 896, 899. It is not the function of an appellate court to assess credibility or reweigh the evidence. Appellate review for minimal constitutional sufficiency of evidence is a limited one restricted by the standard developed in Jackson. State v. Rosiere, 488 So.2d 965, 968 (La.1986).
To be guilty of simple burglary, a defendant must have the specific intent to commit a felony or theft therein at the time of his unauthorized entry. State v. Thomas, 540 So.2d 1150, 1153 (La.App. 1st Cir.1989); State v. Guidry, 476 So.2d 500, 503 (La.App. 1st Cir.1985), writ denied, 480 So.2d 739 (La.1986). Specific intent is defined as the state of mind, which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act. La. R.S. 14:10(1).
Specific intent is a legal conclusion to be resolved ultimately by the trier of fact. Guidry, 476 So.2d at 503. Since specific criminal intent is a state of mind, it need not be proven as a fact, but it may be inferred from the circumstances present and action of the defendant. Guidry, 476 So.2d at 503. Voluntary intoxication is a defense to a prosecution for simple burglary only if the circumstances indicate that it has precluded the presence of specific criminal intent. La. R.S. 14:15(2); Guidry, 476 So.2d at 503. The defendant has the burden of proving the existence of that condition at the time of the offense. The specific legal question is not when the requisite specific intent was formed, but rather whether, at the time the unauthorized entry occurred, the defendant was so intoxicated as to preclude the existence of *731 any specific intent on his part to commit a theft or felony therein. State v. Lentz, 306 So.2d 683, 686 (La.1975). When defenses, which actually defeat an essential element of an offense, such as intoxication, are raised by the evidence, the State must overcome the defense by evidence, which proves beyond a reasonable doubt that the mental element was present despite the alleged intoxication. Guidry, 476 So.2d at 503.
Louisiana Revised Statutes 14:16 states: "Unless there is a provision to the contrary in the definition of a crime, reasonable ignorance of fact or mistake of fact which precludes the presence of any mental element required in that crime is a defense to any prosecution for that crime." Reasonable ignorance can be a defense under La. R.S. 14:16, but not "unreasonable ignorance." State v. Henderson, 296 So.2d 805, 807 (La.1974); State v. Kibbe, 2004-349 (La.App. 5th Cir.10/26/04), 887 So.2d 565, 569.
State witness Dwayne Hogan testified that he and Kevin Tillman alerted Chris Hogan when they realized someone was outside of the home. When they looked outside, they observed the defendant standing near Chris Hogan's car with a radio in his hand. Chris Hogan and Kevin Tillman physically restrained the defendant until the police arrived.
Chris Hogan testified that he had installed a new stereo in his car two weeks prior to the instant offense. After being alerted by his nephew and cousin, Chris Hogan walked outside of his residence and observed the defendant standing outside with the stereo in his hand. The rear passenger-side window of Chris Hogan's vehicle was shattered. Chris Hogan knew the defendant and immediately recognized him. Chris Hogan stated, "When I come out, he [the defendant] was getting ready to run, so I apprehended him." The defendant had a knife in his hand at the time. Kevin Tillman was able to remove the knife from the defendant's hands as they apprehended him. Chris Hogan also observed a tire iron at the scene and concluded that the defendant used it to shatter the car window. The console dashboard area of the vehicle was damaged. Chris Hogan testified that he had not given the defendant permission to enter his vehicle or his premises.
During his trial testimony, the defendant admitted to breaking into the vehicle and taking the stereo. The defendant also admitted that Chris Hogan did not give him permission to enter the vehicle or take the stereo. The defendant stated that he had been fixing radios and reselling them during the time period in which the offense occurred. According to the defendant, Kevin Tillman had given him permission to take a broken radio out of Kevin Tillman's vehicle. The defendant entered Chris Hogan's vehicle mistakenly believing that it belonged to Kevin Tillman, since he had previously observed Kevin Tillman driving the vehicle. Thus, at the time of the forced entry, the defendant thought that he had permission to take the stereo. The defendant stated that he was intoxicated at the time of the offense. The defendant testified that several months after the offense he apologized to Chris Hogan and paid nearly one hundred dollars restitution. The defendant testified that the offense was not committed intentionally, stating, "I just went in the wrong car. If I would have went in Tillman's car, that would have been different, but Chris didn't give me permission to go in his car, and I was intoxicated, I was drunk that day, and I just misjudged some things."
The defendant argues that he believed that he had permission to enter the vehicle at the time of the offense, but at the same time admits that he was intoxicated at the time of the offense and exercised poor judgment. There was no evidence presented *732 as to the amount of alcohol consumed or the exact time it was consumed. The circumstances do not establish that defendant's alleged intoxication precluded the presence of the specific criminal intent required in simple burglary. Viewing this evidence in the light most favorable to the prosecution, we find that a rational trier of fact could have determined that the defendant entered the vehicle with the specific intent to commit a theft therein. Accordingly, we find that a reasonable juror could have excluded the unreasonable hypothesis that the defendant mistakenly believed that he had permission to break into a vehicle and destructively remove a stereo. This assignment of error lacks merit.

ASSIGNMENT OF ERROR NUMBER TWO
In the second counseled assignment of error, the defendant avers that the trial court failed to advise him of the prescriptive period for applying for post-conviction relief under La.C.Cr.P. art. 930.8(C). The State concedes that such advice was not given.
Louisiana Code of Criminal Procedure article 930.8(C) provides that, at the time of sentencing, the trial court shall inform the defendant of the prescriptive period for applying for post-conviction relief. We agree with the defendant's contention that he was not advised pursuant to La.C.Cr.P. art. 930.8(C). However, this article contains merely precatory language and does not bestow an enforceable right upon an individual defendant. See State ex rel. Glover v. State, 93-2330, 94-2101, 94-2197 (La.9/5/95), 660 So.2d 1189, 1201, abrogated in part on other grounds, State ex rel. Olivieri v. State, XXXX-XXXX, XXXX-XXXX (La.2/21/01), 779 So.2d 735, cert. denied, Olivieri v. Louisiana, 533 U.S. 936, 121 S.Ct. 2566, 150 L.Ed.2d 730 (2001). While La. C.Cr.P. art. 930.8(C) directs the trial court to inform the defendant of the prescriptive period at the time of sentencing, a failure to do so on the part of the trial court has no bearing on the sentence and is not grounds to reverse the sentence or remand the case for re-sentencing and the article does not provide a remedy for an individual defendant who is not told of the limitations period. See Glover, 660 So.2d at 1201. Moreover, as the issue has been raised herein, it is apparent that the defendant has notice of the limitation period and/or has an attorney that is in the position to provide him with such notice. Although we have done so in the past, we decline to remand. Compare State v. Brooks, 40,186 (La.App. 2nd Cir.10/26/05), 914 So.2d 110, 115-116; State v. Dupree, XXXX-XXXX (La.App. 4th Cir.10/23/02), 831 So.2d 379, 381. Out of an abundance of caution and in the interest of judicial economy, we note that La.C.Cr.P. art. 930.8(A) generally provides that no application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if filed more than two years after the judgment of conviction and sentence have become final under the provisions of La.C.Cr.P. arts. 914 or 922.
CONVICTION, HABITUAL OFFENDER ADJUDICATION, AND SENTENCE AFFIRMED.
NOTES
[1] The trial court specifically found that the State proved the following predicate convictions (the offense and date of conviction are hereby noted): distribution of cocaine on March 13, 1995; possession of cocaine on November 15, 1994; simple burglary of an inhabited dwelling on November 15, 1994; distribution of cocaine on November 15, 1994; distribution of cocaine on November 15, 1994; distribution of cocaine on May 10, 1993; and distribution of cocaine on May 10, 1993. The trial court further specified that the defendant was being sentenced pursuant to La. R.S. 15:529.1(A)(1)(b)(ii). At least two of the defendant's prior felonies, along with the instant conviction, mandate the imposed life sentence pursuant to that section of the habitual offender law.